COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


RANDALL ALLAN MARTIN

                                          MEMORANDUM OPINION*
v.   Record No. 0129-99-4                     PER CURIAM
                                           NOVEMBER 16, 1999
SUSAN ANN MARTIN


             FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                         Richard B. Potter, Judge

             (T. James Binder; Tate & Bywater, Ltd., on
             brief), for appellant.

             (Linda M. Boykin; Legal Services of Northern
             Virginia, Inc., on brief), for appellee.


     Randall Martin (Martin) appeals the decision of the circuit

court finding that Martin owed $33,015.05 in outstanding pendente

lite child and spousal support.  Martin contends that the amount

of the arrearage is erroneous, based upon the trial court's

previous finding in an order dated August 14, 1998, that he owed

$23,672.99 in back child and spousal support.  Upon reviewing the

record and the briefs of the parties, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the decision

of the trial court.  See Rule 5A:27.

     The evidence on child and spousal support was heard by the

trial court.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

> Under familiar principles we view [the]
> evidence and all reasonable inferences in
> the light most favorable to the prevailing
> party below.  Where, as here, the court
> hears the evidence ore tenus, its finding is
> entitled to great weight and will not be
> disturbed on appeal unless plainly wrong or
> without evidence to support it.

Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).  The record on appeal contains neither a transcript of the hearing before the trial court nor a written statement of facts.  The trial court made specific findings of fact in the final decree from which Martin appeals. "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court.  We may act only upon facts contained in the record."  Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).

> [O]n appeal the judgment of the lower court
> is presumed to be correct and the burden is
> on the appellant to present to us a
> sufficient record from which we can
> determine whether the lower court has erred
> in the respect complained of.

Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961).  The factual findings in the decree provide a sufficient record for us to determine the merits of Martin's appeal.

In the final decree, the trial court found that, as of November 25, 1998, the child support arrearage was $25,634.00 and the spousal support arrearage was $7,381.05.  The trial court reduced child support from $1,300 per month to $502, effective

-

September 1, 1998, but increased spousal support from $300 per month, formerly subject to a $170 per month credit, to $340 per month until Martin paid the balance of $2,342.78 due on a vehicle awarded to his former wife. Although the trial court did not set out in detail its calculation of the support arrearages, there is evidence in the record supporting the trial court's findings, including its retroactive modification of support.

In this appeal, Martin failed to direct us with specificity to evidence in the record supporting his alternative calculation of the amount due. His assertion that no more than $3,306 in support was due following the trial court's calculation of the arrearage in the August 14, 1998 contempt order through November 1998 is not supported by the record. Martin also failed to consider interest due on the arrearage. Martin's bare recitation of error, without any reference to evidence produced in the record, is insufficient. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

-