## Richmond

MAE L. JUSTIS AND RALPH W. JUSTIS v. MARVIN YOUNG.

April 24, 1961.

Record No. 5219.

Present, Eggleston, C. J., and Buchanan, Whittle, Snead, l'Anson and Carrico, JJ.

The opinion states the case.

*Daniel Hartnett* (*Wescott B. Northam*, on brief), for the plaintiffs in error.

*William E. Fears*, for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

Marvin Young, hereinafter called the plaintiff, brought an action at law against Mae L. Justis and Ralph W. Justis, hereinafter called the defendants, to recover the sum of $500, with interest, being the penalty of a bond which the defendants had executed, payable to the plaintiff, and conditioned that the plaintiff would not "contest the validity of the recorded will of Nona Wessells," deceased. It was alleged that the penalty of the bond was due because the plain-

tiff had not contested the will. The defendants filed grounds of defense, alleging that the plaintiff had filed certain exceptions to the account of the executors of the estate of Nona Wessells, deceased, which constituted a "contest of the validity" of the will and rendered the bond "null and void."

The record shows that all parties having waived a jury, the case was submitted to the lower court which, "having fully heard the evidence," found for the plaintiff and entered judgment in his favor for the amount claimed. To review this judgment the defendants were granted a writ of error. Their assignment of error is that the finding and judgment for the plaintiff are contrary to the law and the evidence. Specifically, the contention is that the exceptions which the plaintiff filed to the executors' account constituted a contest of the will within the meaning of the bond.

However, the evidence heard and considered by the lower court was not preserved and made a part of the record in the manner provided by Rule 5:1, § 3(e). The record does not contain a copy of the will, a copy of the executors' account, or a copy of the exceptions which the defendants say constituted a contest of the will. Nor is there any evidence in the record of the contents of these documents. Without such evidence it is impossible for us to determine whether the lower court properly ruled that there had been no contest of the will by the plaintiff.

We have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed. 1 Mich. Jur., Appeal and Error, §§ 258, 259, pp. 675, 676. See also, *Jones* v. *Jones,* 172 Va. 14, 16, 199 S. E. 510, 511; *Tyree* v. *Blevins Funeral Home,* 176 Va. 213, 215, 10 S. E. 2d 571, 572; *Bristol Mick or Mack Stores* v. *City of Bristol,* 180 Va. 15, 20, 21 S. E. 2d 758, 761; *Lawrence* v. *Nelson,* 200 Va. 597, 598, 599, 106 S. E. 2d 618, 620.

In the petition for a writ of error there is a purported copy of the exceptions which the plaintiff filed to the account of the executors. However, in the argument before us the accuracy of this copy was questioned. This demonstrates the soundness of the rule that we must consider the case on the record which is sent to us from the

lower court, "and not upon counsel's recollection of what occurred" there. *Bryant* v. *Commonwealth*, 189 Va. 310, 320, 53 S. E. 2d 54, 59.

For these reasons the judgment is

*Affirmed.*