# Richmond

HARVEY E. PHILLIPS, T/A, ETC. v. SIDNEY ORLINS, ET AL.

March 4, 1968.

Record No. 6540.

Present, Eggleston, C.J., Buchanan, Snead, I'Anson, Carrico and Gordon, JJ.

*Joseph Teck* (*Goldblatt & Lipkin,* on brief), for plaintiff in error.

*Joseph E. Baker* for defendant in error.

I'ANSON, J., delivered the opinion of the court.

Plaintiff, Harvey E. Phillips, instituted this action at law against Sidney Orlins and Pearl C. Orlins, defendants, to recover the sum of $29,000, the balance alleged to be due on a contract for the construction of a residence for the defendants. The motion for judgment alleged that the defendants entered into a contract with the plaintiff on November 1, 1963, to construct the dwelling house for the sum of $40,900; that during the course of construction the plans and specifications were modified and the price was increased to $42,900; and that plaintiff performed pursuant to the terms of the contract until August 4, 1964, when defendants prohibited him from continuing the work.

Defendants filed an answer, a counter-claim, and a special plea. The special plea alleged that the plaintiff was a general contractor

and that the contract with the defendants was in excess of $20,000;[1] that from January 1, 1964, until August 1, 1964, plaintiff was not registered as a contractor, as required by Chapter 7, Title 54, of the Code of 1950, as amended, 1967 Repl. Vol.; that plaintiff had "specifically" failed to comply with the provisions of Code § 54-128;[2] and that the contract between the parties was null and void as a result of plaintiff's failure to comply with the registration statutes.

Plaintiff did not file any response to the special plea but moved the court to dismiss the plea. The trial court, after an ore tenus hearing on the special plea, entered its order dismissing plaintiff's motion for judgment with prejudice. Defendants then took a nonsuit on their counter-claim. We granted plaintiff a writ of error to the judgment.

Plaintiff contends that the trial court erred in sustaining the special plea and dismissing his motion for judgment with prejudice. On this appeal, however, he did not make the oral testimony and other incidents of the hearing on the special plea in the court below a part of the record in the manner provided by Rule 5:1, § 3 (e) and (f). In fact the record before us is limited to the pleadings of the parties, the exhibits, and the court's order.

Defendants say that the writ of error granted plaintiff should be dismissed and the judgment affirmed because the record before this court is insufficient for us to review plaintiff's assignment of error.

On the other hand, plaintiff says that the court can properly review his assignment of error from the record of the pleadings alone, and that the evidence presented at the ore tenus hearing is not a necessary part of the record for the purpose of this appeal. Plaintiff argues that his motion for judgment alleges that the contract was entered into on November 1, 1963, and that since the special plea does not affirmatively allege that plaintiff was not registered for the year 1963 defendants cannot rely on the defense of his failure to register as a contractor without notice to him, under the provisions of Code § 54-142.

Code § 54-142 provides that any person entering into a construction contract without having first complied with Code § 54-113, *supra*, or who shall attempt to practice general contracting or subcontracting, except as provided by Chapter 7, Title 54, shall be

1. § 54-113 requires registration of a contractor when the contract is in excess of $20,000.

2. Code § 54-128 provides: "It shall be unlawful for any person to engage in, or offer to engage in, general contracting or subcontracting in this State, unless he has been duly licensed and issued a certificate of registration under the provisions of this chapter."

deemed guilty of a misdemeanor, but "no person shall be entitled to assert this section as a defense [referring to the lack of registration by a contractor] to any action at law or suit in equity unless such person shall first affirmatively prove that notice of this section, prior to or upon the execution of the contract, has been given to the party who seeks to recover from such person."

The special plea filed by defendants raised the issue of whether plaintiff had failed to register as a contractor pursuant to the requirements of Chapter 7, Title 54. The trial court heard evidence on the question, and without a transcript or narrative of the evidence in the record we do not know what testimony was before the court on the issues framed by the parties. We cannot say from the record before us that defendants failed to affirmatively prove at the hearing on the special plea that plaintiff was not registered at the time the contract was entered into and that they failed to give the notice as required by Code § 54-142. Plaintiff asserts in his brief and in argument before us that he was registered when he entered into the contract with defendants in 1963, but there is nothing in the record to support his assertion. Thus the insufficiency of the record here is apparent.

We have repeatedly pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. When an appellant fails to do this, the judgment will be affirmed. *Justis* v. *Young*, 202 Va. 631, 632, 119 S. E. 2d 255, 256-257 (1961), and the numerous cases there cited.

For the reasons stated, we affirm the judgment of the court below.

*Affirmed.*