COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton


HERBERT W. LUX, JR.

v.   Record No. 0366-97-2                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
JACK KOTVAS, DIRECTOR,                        JULY 8, 1997
 DEPARTMENT OF PROFESSIONAL
 AND OCCUPATIONAL REGULATION


             FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                   William H. Ledbetter, Jr., Judge

             (Herbert W. Lux, Jr., pro se, on brief).

             (James S. Gilmore, III, Attorney General;
             John B. Purcell, Jr., Assistant Attorney
             General, on brief), for appellee.


        Herbert W. Lux appeals the decision of the circuit court

affirming the decision of the Department of Professional and

Occupational Regulation (Department), Board for Contractors

(Board) to pay a claim pursuant to the Contractor Transaction

Recovery Act (Act).  Code §§ 54.1-1118 through 54.1-1127.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  Rule 5A:27.

                         Standard of Review

        Under the Virginia Administrative Process Act, Code

§§ 9-6.14:1 through 9-6.14:25, the burden is on the party

complaining of the Board's action to demonstrate an error of law

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

subject to review.  Code § 9-6.14:17; Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 241, 369 S.E.2d 1, 6 (1988).  We will review the facts in the light most favorable to sustaining the Board's action, with due consideration of "the presumption of official regularity, the experience and specialized competence of the [Board], and the purposes of the basic law under which the [Board] has acted."  Code § 9-6.14:17.  See also Bio-Medical Applications of Arlington, Inc. v. Kenley, 4 Va. App. 414, 427, 358 S.E.2d 722, 727 (1987).

### Facts

Viewed in the light most favorable to sustaining the Board's decision, the record proves that in April of 1989, William and Delores Owens entered into a contract with Lux, a licensed contractor, for the construction of a residence.  On January 12, 1994, Lux was convicted of grand larceny by false pretenses and "grand larceny-mechanic's lien fraud" concerning the Owens' contract.  As part of his sentence, the trial court ordered Lux to pay the Owens restitution of $2,500.  On September 2, 1994, when Lux failed to pay the restitution, the Owens filed a claim with the Board under the Act.

The Board's Recovery Fund Committee (Committee) recommended that the Board approve the Owens' claim.  On April 10, 1996, the Board authorized payment of the claim.  Lux appealed the Board's decision to the circuit court, and the circuit court affirmed the Board's decision.

2

## Timeliness of Filing of Claim Issue

Lux first contends that the Owens did not comply with the requirements of the Act by failing to file a verified claim within the mandatory period of six months. Code § 54.1-1120(3).

Code § 54.1-1120, in effect at the applicable time, provided, in pertinent part:

> Whenever any person is awarded a judgment in a court of competent jurisdiction in the Commonwealth of Virginia against any individual or entity which involves improper or dishonest conduct occurring (i) during a period when such individual or entity was a regulant and (ii) in connection with a transaction involving contracting, the claimant may file a verified claim with the Director [of the Department of Professional and Occupational Regulation] to obtain a directive ordering payment from the fund of the amount unpaid upon the judgment subject, to the following conditions:

> \*   \*   \*   \*   \*   \*   \*

> 3. A verified claim shall be filed with the Director no later than six months after the judgment became final.

The sentencing order requiring the payment of restitution was entered on March 23, 1994. The Owens filed their initial Contractor Recovery Act claim on September 2, 1994, within six months after the judgment became final. Although the Board twice requested additional information from the Owens, the record indicates that the Board did not question the timeliness of the filing of the claim, but merely requested information to

3

supplement the claim.  Therefore, the record indicates that the claim was filed in compliance with the statutory requirement.

## Bankruptcy Issue

Lux next complains that the Board's decision to pay the Owens' claim was invalid because the restitution order was void. Lux contends that the restitution order was void because his debt to the Owens was discharged when he filed for bankruptcy. However, nothing in the Act precluded the payment of a claim from the fund where a claimant's unpaid judgment against a contractor was uncollectible because the contractor declared bankruptcy. Moreover, 11 U.S.C. § 523(a)(4) prevents a discharge in bankruptcy for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Therefore, Lux's argument is without merit.

## Code § 54.1-1120(6) Issue

Lux contends that the Board erroneously issued the directive ordering payment from the fund because the Owens' claim did not comply with the requirements listed in Code § 54.1-1120(6)(a) through Code § 54.1-1120(6)(d). Code § 54.1-1120(6)(a) provides that the verified claim must contain a statement that the claimant has "conducted debtor's interrogatories to determine whether the judgment debtor has any assets which may be sold or applied in satisfaction of the judgment." The other requirements listed in Code § 54.1-1120(6)(b) through Code § 54.1-1120(6)(d) concern additional information about the debtor's assets. However, Lux had filed for bankruptcy prior to December 23, 1994, when he amended his debtor schedule listing the Owens as

5

creditors. The record contains a copy of this amended debtor schedule. Therefore, the Board was aware of Lux's bankruptcy filing.

Further, on September 15, 1994, the Department sent the Owens a form letter which contained a list of the types of information typically requested by the Department concerning claims. The form had a line for each item on which an "X" was placed to indicate which items of information the Department requested from the Owens. In this letter, the Department placed on "X" on the line indicating a request for a copy of the bankruptcy notice. The form did not contain an "X" on the lines indicating requests for information concerning debtor's interrogatories. Thus, in light of Lux's bankruptcy filing, it was not necessary to provide the Department information regarding debtor's interrogatories. Therefore, this argument is without merit.

### Notification and Continuance Issues

Whether to grant Lux's request for a continuance was within the discretion of the Board. Cf. GTE Sprint Communications Corp. of Virginia v. AT & T Communications of Virginia, Inc., et al., 230 Va. 295, 306, 337 S.E.2d 702, 709 (1985) (addressing the denial of a request for a continuance of a hearing conducted by the State Corporation Commission).

The record indicates that the Committee scheduled a hearing for the Owens' claim for March 18, 1996. On March 7, 1996, Holly

Erickson, Assistant Administrator for the Recovery Fund, sent a letter to Lux informing Lux of the scheduled hearing. On March 14, 1996, Lux telephoned Erickson and requested a deferral in order to prepare for the hearing. On that same date, Lux sent a letter to Erickson requesting a continuance because his wife had grand jury duty on March 18, 1996 and he had to "watch" their daughter on that date. However, the Committee considered and approved the Owens' claim on March 18, 1996.

On March 22, 1996, Erickson sent a letter to Lux advising him that the Committee recommended payment of the Owens' claim. Erickson also informed Lux that the Board would meet on April 10, 1996 to ratify the Committee's decision. Lux responded by letter dated March 27, 1996, stating that he intended to be present at the April 10, 1996 meeting and that he planned to address the Board. On April 3, 1996, Lux asked for a continuance because he had to attend a court hearing on that date. The Board met on April 10, denied his request for a continuance, and approved the Owens' claim.

Clearly, Lux was given adequate notice of each step in the process and was given the opportunity to be heard at each proceeding. Nothing in the record indicates that the Committee or the Board abused its discretion in denying Lux's requests for continuances and in conducting the hearings as scheduled.

Further, Lux argues that he did not receive notice of the Board's decision to pay the Owens' claim. However, the agency

7

record contains the April 11, 1996 letter to the Owens from Erickson informing the Owens that their claim was approved. In addition, Code § 54.1-1122 provides that when the Board issues a directive ordering payment from the fund to the claimant, then "[t]he claimant shall be notified in writing of the findings of the Board." There is no statutory requirement that the regulant must be notified of the payment. Therefore, this argument is without merit.

### Final Order Issue

Lux contends that the Board erred in making payment of the Owens' claim without entering a final order or case decision pursuant to Code § 9-6.14:14. However, the record does not indicate that this argument was presented to the trial court. The trial court's November 13, 1996 opinion letter does not address this issue. Further, Lux's written statement of facts was filed more than fifty-five days after entry of the final order and is not part of the record on appeal. See Rule 5A:8(c)(1). In addition, Lux filed no transcript of the proceeding before the trial court. Therefore, we are unable to determine whether this argument was presented to the trial court. We have many times pointed out

8

that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of.  If the appellant fails to do this, the judgment will be affirmed.

Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961).

Accordingly, Rule 5A:18 bars our consideration of this question on appeal.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

For the reasons stated, the decision of the circuit court is summarily affirmed.

Affirmed.