COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Elder and Bray
Argued at Richmond, Virginia


KABONJI RAHSAAN ROANE

MEMORANDUM OPINION[*] BY
v.   Record No. 2988-99-2      JUDGE JERE M. H. WILLIS, JR.
                               MAY 8, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HANOVER COUNTY
John R. Alderman, Judge

(Patrick R. Bynum, Jr., on brief), for
appellant.  Appellant submitting on brief.

(Mark L. Earley, Attorney General; Richard B.
Smith, Senior Assistant Attorney General, on
brief), for appellee.


     On appeal from his convictions of robbery, in violation of

Code § 18.2-58, and use of a firearm in the commission of a

felony, in violation of Code § 18.2-53.1, Kabonji Rahsaan Roane

contends that the trial court erred in admitting into evidence, at

the sentencing phase of his trial, an exhibit displaying his prior

convictions.  Because Roane has failed to provide a record

sufficient to allow us to determine the merits of his appeal, we

dismiss the appeal.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I. BACKGROUND

During the sentencing phase of Roane's bifurcated trial, the Commonwealth submitted Exhibit 6, which contained a record of his prior convictions. Roane admitted that he had received timely notice of the Commonwealth's intent to introduce evidence of his prior convictions as required by Code § 19.2-295.1. However, he objected to the introduction of the exhibit on the grounds that (1) it did not include the date of each conviction, (2) it did not contain the name and jurisdiction of the court where each prior conviction was had, (3) it did not distinguish between felony and misdemeanor convictions, (4) it did not establish that the prior convictions were similar to any Virginia statutes, and (5) it was not properly authenticated. The trial court overruled Roane's objections and admitted Commonwealth's Exhibit 6 as evidence of his prior convictions.

## II. ADMISSIBILITY OF COMMONWEALTH'S EXHIBIT 6

On appeal,

> the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed.

Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961) (citations omitted). Furthermore, we "must dispose of the case upon the record and cannot base [our] decision upon appellant's petition or brief, or statements of counsel in open court. We

-

may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (citation omitted).

Although Commonwealth's Exhibit 6 was before the trial court, it is not contained in the record before us and the record contains no acceptable substitute. Commonwealth's Exhibit 6 is indispensable to a determination of the issues raised by Roane. Without it, we cannot review the trial court's ruling. Therefore, Roane has failed to present a record sufficient for appeal.

For these reasons, the appeal is dismissed.

Dismissed.

-