COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Kelsey and Senior Judge Hodges


GWEN MAE SMITH

v.      Record No. 1771-03-4

NED LEORY SMITH

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 16, 2003


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Gaylord L. Finch, Jr., Judge

(David M. Levy; Surovell, Markle, Isaacs, & Levy, P.L.C., on brief),
for appellant.

(Mark B. Sandground, Sr.; Lutisha E. Brown; Sandground West &
New, P.C., on brief), for appellee.


Gwen Mae Smith appeals an order of the circuit court denying her motion for entry of an

amended Qualified Domestic Relations Order (QDRO).  She presents these two questions on

appeal:

> 1.  Does the June 6, 2003 [circuit court] judgment contravene the
> expressed intent of both parties to divide the Government
> Retirement annuity that the Appellee is entitled to receive by 50%?
>
> 2.  Does the Circuit Court of Fairfax County have the authority to
> modify a Qualified Domestic Relations Order to conform the order
> to the expressed intent of the order?

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the trial court's decision.  Rule 5A:27.

Appellant did not file a transcript of the trial court proceedings, but instead filed a written

statement of facts pursuant to Rule 5A:8(c).  The written statement, a two-page document, notes

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

that the trial court held a hearing on appellant's motion, but that no evidence was presented at the hearing. The written statement contains nothing more than the objections lodged by appellant to the trial court's ruling.

Appellant's argument centers around an interpretation of Paragraph 5 of the parties' Property Settlement Agreement. That paragraph reads in pertinent part: "If for any reason said Qualifying Order [the QDRO] is rejected by the Court *or by the Plan Administrator*, the parties shall cooperate with each other to submit an Order which substantially contains the same provisions." (Emphasis added.) While the record contains an exhibit which includes the determination of the "Qualifying Order" by the United States Office of Personnel Management, it contains no evidence of the determination of the "Qualifying Order" by the United States Merit Systems Protection Board (MSPB), the final administrative authority. Nor does the written statement contain this determination.

"An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). "[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961).

Lacking record evidence of MSPB's decision, we are unable to determine whether the "Plan Administrator" "rejected" the "Qualifying Order." Accordingly, we summarily affirm the decision of the circuit court. Rule 5A:27.

Affirmed.