COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Overton


ALFONZO ROBINSON

MEMORANDUM OPINION[*]
v.     Record No. 2275-03-1                                PER CURIAM
                                                          JANUARY 20, 2004
WILLIAMSBURG DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
AND COUNTY OF JAMES CITY
Samuel T. Powell, III, Judge

(Edward Janes Bell III, on brief), for appellant.  Appellant
submitting on brief.

(Christina M. Workman, Assistant City Attorney, on brief), for
appellee.  Appellee submitting on brief.

No brief for the Guardian *ad litem* for the minor child.


Alfonzo Robinson, father, appeals a decision of the trial court terminating his parental rights

to his son, A.R.  On appeal, father contends the evidence did not show that the Williamsburg

Department of Social Services (DSS) offered reasonable and appropriate services to father before

his parental rights were terminated.  He also argues DSS failed to show that it had taken reasonable

and appropriate efforts to remedy the conditions which led to A.R.'s foster care.  We disagree and

affirm the decision of the trial court.

A.R. was born on April 13, 2002, and his mother entrusted him to the custody of DSS.

Subsequently, her parental rights were terminated.  Father was at the hospital shortly after A.R.'s

birth.  At that time, father had no job and no place to live.  He provided DSS with a telephone

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

number for his parents' residence, and DSS had difficulty reaching him at that number. At the hospital, a social worker advised father that he could seek custody of A.R. if he desired. DSS next heard from father when he attended a family visit with A.R. on July 19, 2002.

In December 2002, father was incarcerated. Father contacted DSS while he was incarcerated, which was the first time DSS had been contacted by father since the July 2002 visit with A.R. The written statement of facts states that DSS "attempted without success to provide . . . father with services appropriate to his situation." The juvenile and domestic relations district court (JDR court) terminated father's parental rights while he was in jail. Also while he was in jail, father contacted DSS and requested that it assist his fiancée, who wanted to start procedures for obtaining custody of A.R. DSS provided father's fiancée with the necessary paperwork, but she did not return the completed paperwork or contact DSS again.

At the trial court hearing, father testified that his estimated date of release from jail is August 2004. He also stated that he formerly worked for two different companies and he "hoped" to have an apartment to live in when he is released.

A case report dated May 20, 2003 states that A.R. is receiving loving care and attention in his foster home, and his foster parents wish to adopt him. The report also states that father has not chosen to have "any type of relationship" with A.R.

Father contends the evidence was insufficient to show DSS offered reasonable and appropriate services to him prior to terminating his parental rights. Father also contends the evidence failed to show DSS took reasonable and appropriate efforts to remedy the conditions leading to foster care. The trial court record in this case consists of a brief written statement of facts and a form trial court order on which appellant noted no objections. The written statement of facts contains no arguments made by appellant to the trial court. "The burden is upon the appellant to provide us with a record which substantiates the claim of error. In the absence thereof, we will

not consider the point." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991). "[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961).

However, the record supports the trial court's decision to terminate father's parental rights. Father saw A.R. twice during the eight months between the birth of A.R. and the time of father's incarceration. After the child was born, father provided DSS with only his parents' telephone number and DSS experienced difficulty reaching him in this manner. Furthermore, father knew that A.R. had been removed from mother's custody and that he could attempt to obtain custody of the child. However, prior to his incarceration, father made no efforts to contact DSS, to visit the child, to avail himself of any services offered by DSS, or to seek custody of the child. Indeed, the record shows that father failed to establish "any type of relationship" with A.R. Moreover, since father's incarceration, father has only requested that DSS assist his fiancée in her attempt to gain custody of the child, which she apparently never acted on.

In addition, the written statement of facts states that DSS "attempted without success to provide . . . father with services appropriate to his situation."

> [W]hile long-term incarceration does not, per se, authorize termination of parental rights or negate . . . D[SS]'s obligation to provide services, it is a valid and proper circumstance which, when combined with other evidence concerning the parent/child relationship, can support a court's finding by clear and convincing evidence that the best interests of the child will be served by termination.

Ferguson v. Stafford Dep't of Social Servs., 14 Va. App. 333, 340, 417 S.E.2d 1, 5 (1992).

Furthermore, father testified that he "hoped" to have an apartment after his release from jail, and the record contains no information regarding any plans father has made for the future of the

child.  Moreover, the child has been in foster care for almost his entire life.  "It is clearly not in the bests interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities."  Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

When considering termination of a parent's residual rights to a child, "the paramount consideration of a trial court is the child's best interests."  Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).  On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests."  Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 795 (1990).  "The trial court's judgment, when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

We conclude that the evidence supports the trial court's decision to terminate father's parental rights.  See Code § 16.1-283(C)(1).  Accordingly, we affirm the decision of the trial court.

Affirmed.