COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Senior Judge Willis
Argued at Alexandria, Virginia


BOOKER T. WIDER, JR.

MEMORANDUM OPINION[*] BY
v.        Record No. 2485-03-4          JUDGE JERE M. H. WILLIS, JR.
                                        OCTOBER 5, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Herman A. Whisenant, Jr., Judge

Edwin C. Brown, Jr. (Brown, Brown & Brown, on briefs), for
appellant.

Stephen R. McCullough, Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


Booker T. Wider, Jr. was charged with possessing cocaine with the intent to distribute it and

with simultaneously possessing a controlled substance and a firearm.  He moved to suppress

evidence seized upon the search of his business.  On appeal, he initially contended that the trial

court erred in admitting, at the suppression hearing, copies of the cover sheets of the search warrants

issued for his home and business.  At oral argument, he withdrew this contention and we consider it

no further.  The only issue remaining before us is Wider's contention that the trial court erred in

denying his motion to suppress, because the affidavit underlying the search warrant for his business

did not provide probable cause.  We affirm the judgment of the trial court.

Facts

"In reviewing a trial court's denial of a motion to suppress, '[t]he burden is upon [the

defendant] to show that th[e] ruling, when the evidence is considered most favorably to the

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*) (citation omitted). While we review *de novo* ultimate questions of reasonable suspicion and probable cause, we "review findings of historical fact only for clear error[1] and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States, 517 U.S. 690, 699 (1996) (footnote added).

On June 21, 2002, Detective Quentin Sallows of the Prince William County police was contacted by a District of Columbia police officer regarding a suspected conspiracy to commit murder for hire. At the suppression hearing, Sallows identified Wider, his brother Melvin Wider (Melvin), and Melvin's girlfriend Adrienne Jameson as suspects in the alleged conspiracy.

Melvin was incarcerated and awaiting trial upon narcotics charges. The prosecution's primary witness against him was a fourteen-year-old girl. Within the jail, Melvin offered money for information leading him to a "hit man" to kill this witness. A police source in the jail gave Melvin the telephone number of an undercover police detective who posed as a "hit man."

Melvin called the undercover detective and said, "I don't want anything to turn up." The undercover detective interpreted his subsequent discussion with Melvin as proposing a "hit" upon the witness. Melvin said Jameson would take the detective to "the lawyer's office," meaning the witness' location. The detective said he did not know "what the lawyer looked like." Melvin replied that "an associate had a motion," meaning a picture of the witness. Melvin and the detective agreed on a price of "five," or five thousand dollars. The detective said he needed an extra $500 to purchase a "new suit," meaning a new gun. Melvin gave the detective Jameson's telephone number.

---

[1] "In Virginia, questions of fact are binding on appeal unless 'plainly wrong.'" McGee, 25 Va. App. at 198 n.1, 487 S.E.2d at 261 n.1 (citations omitted).

The detective contacted Jameson and arranged to meet her. Jameson failed to appear at the meeting. When Melvin contacted the detective the next day, the detective told him Jameson had not shown up at the meeting. Shortly thereafter, Jameson called the detective and arranged another meeting. At that meeting, Jameson gave the detective $500 and a picture of the witness. She agreed to show the detective where the witness lived, and said Wider "wanted the witness silenced for good." Jameson and the detective agreed the detective would tell Jameson "the papers have been signed" when the "hit" had occurred.

On June 10, 2002, the detective contacted Jameson and told her "the papers had been signed." They agreed to meet so that Jameson could provide payment and the detective could give her a photograph proving that the "hit" was complete. Jameson was arrested before the meeting occurred. At that time, she possessed $5,496 in cash.

After her arrest, Jameson told the police that, upon Melvin's instruction, she had obtained the money from Wider at his store in Woodbridge. She said that when she arrived at his store, Wider took her immediately to a back room and, without explanation or discussion regarding its purpose, gave her $6,000.

Sallows deduced from these facts and circumstances that communication must have occurred between Wider and Melvin regarding the payment of such a sum of money to Jameson, that the communication may have been in writing, and that financial records might reveal the source of the funds. Moreover, the witness' mother reported that Wider had approached the witness prior to her grand jury testimony and had told her to be untruthful in a manner helpful to Melvin. Based upon the foregoing deductions and information, Sallows obtained search

warrants commanding the police to search Wider's home and business for records connecting him with the alleged murder for hire conspiracy.[2]

When executing the search warrant at Wider's business, the police found a handgun in plain view and suspected cocaine folded into the corner of a dollar bill. Based upon this, Sallows obtained a warrant commanding the search of Wider's business for drugs and weapons. Upon execution of this warrant, the police recovered more than $7,500 in cash, a loaded firearm, and two bags of cocaine with a combined weight of over forty grams.

Analysis

Wider contends that the search warrant affidavits were insufficient to provide the magistrate probable cause supporting the issuance of the search warrants for his business. Where an accused challenges the seizure of evidence by the police pursuant to a search warrant, he bears the burden of proving the search warrant invalid. See Lebedun v. Commonwealth, 27 Va. App. 697, 711, 501 S.E.2d 427, 434 (1998).

No search warrants or supporting affidavits were received in evidence or otherwise made a part of the record in this case. While the tenor of the argument at the suppression hearing suggests that documents were considered by the trial court during the proceeding, the record reflects neither the identity nor the content of those documents. It does not establish what affidavits or search warrants, if any, may have been before the trial court at that juncture.[3]

---

[2] We need not consider the validity of the search warrants issued for appellant's home because appellant does not contend the police unlawfully seized any evidence from that location.

[3] Upon the Commonwealth's motion, this Court issued a writ of certiorari directed to the clerk of the Circuit Court of Prince William County requiring him to transmit "the affidavits of Detective Quenton [sic] Sallows of the Prince William County Police Department and the resulting warrants issued in Circuit Court Nos. CR54222 and CR54224 authorizing the search of 16901 Jeb Forest Lane, Woodbridge, Virginia and 14832 Build America Drive, Woodbridge, Virginia." In response, this Court received four warrants and supporting affidavits. However, e decline to speculate that these documents were considered by the trial court in the absence of any proof or certification to support this conclusion.

-4-

On appeal,

> the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of.  If the appellant fails to do this, the judgment will be affirmed.

Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961).  "We . . . act only upon facts contained in the record" provided on appeal and "cannot base [our] decision upon [defendant's] petition or brief, or statements of counsel in open court."  Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).  Because the record fails to present the affidavits, Wider has failed to provide a record upon which we can determine whether the affidavits provided the magistrate probable cause to issue the search warrants.

The judgment of the trial court is affirmed.

                                                                                        Affirmed.