COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Fitzpatrick


JOSEPH F. KORPSAK

                                                  MEMORANDUM OPINION[*]
v.        Record No. 0032-08-4                         PER CURIAM
                                                       JUNE 3, 2008
REGINA A. KORPSAK


                  FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                            Jeffrey W. Parker, Judge

            (Joseph F. Korpsak, *pro se*, on brief).

            (Thomas R. Breeden, on brief), for appellee.


        Joseph F. Korpsak (husband) appeals from the circuit court's December 20, 2007 final

decree awarding Regina A. Korpsak (wife) a divorce *a vinculo matrimonii* based upon the

parties' uninterrupted separation for over one year.  On appeal, husband contends the trial court

erred by upholding a separation agreement signed by the parties.  Wife requests attorney's fees

and costs associated with this appeal.  Upon reviewing the record and briefs, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

                                          I.

        The record reveals the parties and their counsel signed a document entitled "Stipulation"

dated September 29, 2007, in which husband agreed to pay wife the sum of $166,000 as settlement

of any property claims.  Husband later sought to rescind the agreement.  The trial court held a

hearing on December 4, 2007 to determine whether to enforce the Stipulation agreement.  In the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

final decree, the trial court ratified, incorporated, and affirmed the original agreement. Husband appeals from that decision.

We cannot address this issue, however, because husband failed to file a transcript or obtain a statement of facts of this evidentiary hearing from the circuit court. See Rule 5A:8. Under settled principles, "'the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of.'" Crawley v. Ford, 43 Va. App. 308, 315, 597 S.E.2d 264, 268 (2004) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)). "In the absence [of a sufficient record], we will not consider the point." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991). Without a record of the evidence presented on the issue, we cannot hold the trial court erred in enforcing the Stipulation agreement.

II.

Wife requests this Court to award attorney's fees and costs incurred on appeal.

Upon a review of this appeal, we find that the husband's case is not supported by law or evidence. See Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994). Therefore, we award attorney's fees to wife and remand this case to the trial court for determination of attorney's fees and costs incurred in responding to this appeal, and for any costs incurred at the hearing on remand.

Accordingly, the judgment of the trial court is summarily affirmed.

Affirmed and remanded.