COURT OF APPEALS OF VIRGINIA


Present:  Judges Kelsey, Petty and Senior Judge Bumgardner


ANNA LARRICK

                                                    MEMORANDUM OPINION*
v.        Record No. 0670-10-4                           PER CURIAM
                                                       NOVEMBER 2, 2010
CLARKE COUNTY DEPARTMENT
  OF SOCIAL SERVICES


                      FROM THE CIRCUIT COURT OF CLARKE COUNTY
                              John E. Wetsel, Jr., Judge

              (John S. Bell; Pond, Athey, Athey & Pond, P.C., on brief), for
              appellant.

              (Neal T. Knudsen; Georgia Rossiter, Guardian *ad litem* for the minor
              child, on brief), for appellee.


        Anna Larrick, appellant, appeals the decision of the trial court terminating her parental rights

to her child, A.L.  On appeal, she contends the trial court erred by:  (1) concluding that Code

§ 16.1-283(B) does not require that rehabilitative services be offered to a parent prior to a

determination that the conditions resulting in neglect or abuse cannot be substantially remedied, and

the trial court did not make the required review of services provided by rehabilitative agencies; and

(2) due process requires that a parent be offered rehabilitative services prior to termination of

parental rights pursuant to Code § 16.1-283(B).  Upon reviewing the record and briefs of the parties,

we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

trial court. See Rule 5A:27.

        Appellant did not file a transcript of the proceedings or a written statement of facts. See

Rule 5A:8. Rule 5A:8(b)(4)(ii) provides:  "When the appellant fails to ensure that the record

--------------------------------------

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered."

The record on appeal does not reflect that appellant presented these arguments to the trial court. "[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961). "The burden is upon the appellant to provide us with a record which substantiates the claim of error. In the absence thereof, we will not consider the point." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).

Furthermore, concerning appellant's first argument, this Court has held: "Code § 16.1-283(B) requires only that the circuit court consider whether rehabilitation services, if any, have been provided to a parent. Nothing in Code § 16.1-283 or the larger statutory scheme requires that such services be provided in all cases as a prerequisite to termination under subsection B." Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 268, 616 S.E.2d 765, 770 (2005). In addition, we note that the trial court's final order specifically provides in Paragraph 14: "In making this determination, the court takes into consideration the efforts made to rehabilitate the parent[] by public and private social, medical mental health and other rehabilitative agencies prior to the child's initial placement in foster care." See Code § 16.1-283(B)(2).[1]

Moreover, as to appellant's argument that due process requires that a parent be offered rehabilitative services prior to termination under Code § 16.1-283(B), "[n]o judicial precedent

---

[1] In making a determination that the neglect or abuse cannot be corrected, "the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care." Code § 16.1-283(B)(2).

has imposed a *constitutional* duty to provide rehabilitative services prior to termination when the statutory grounds for termination do not otherwise require them. And we know of no principled basis for asserting there to be one." <u>Toms</u>, 46 Va. App. at 275, 616 S.E.2d at 774. Accordingly, appellant's argument is without merit.

For the foregoing reasons, we affirm the trial court's rulings.

<u>Affirmed.</u>