UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Ortiz and Senior Judge Haley

ESTATE OF CLARENCE HILLIARD ROTHE

MEMORANDUM OPINION[*]

v.      Record No. 1334-22-3                          PER CURIAM
                                                      JUNE 6, 2023

CENTRA HEALTH, INC.

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
J. Leyburn Mosby, Jr., Judge

(J.A. Currin; Equal Justice Center, PLC, on brief), for appellant.

(Pavlina B. Dirom; Caskie & Frost, P.C., on brief), for appellee.


The Estate of Clarence Hilliard Rothe appeals the final order awarding Centra Health, Inc.

(Centra) $98,181.25 in damages for breach of implied contract.[1]  Rothe argues that the circuit court

erred in denying two motions for continuance and finding sufficient evidence of an implied contract

and damages.  Rothe failed to provide any transcripts or written statements of facts indispensable to

appellate review of the assignments of error.  Rule 5A:8(b)(4)(ii).  The panel therefore unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit" and affirms

the order of the circuit court.  Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

Centra filed a complaint against Rothe in the Circuit Court of the City of Lynchburg

asserting breach of an implied contract and claiming $98,181.25 in damages.  Rothe filed an answer

disputing the existence of a contract or damages.  After a trial on August 4, 2022, the circuit court

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413.

[1] Rothe passed away while the appeal was pending, and his estate was substituted as the appellant.

entered a final order awarding Centra its full claim of damages. Rothe failed to file any transcripts or a written statement of facts about the August 4, 2022 hearing.

ANALYSIS

Rothe first argues that the circuit court erred in denying his motions to continue, both at the start of the hearing and after the evidence was submitted. Granting a motion to continue "is within the sound discretion of the circuit court" and is reviewed on the deferential "abuse of discretion" standard. *Bailey v. Commonwealth*, 73 Va. App. 250, 259 (2021) (quoting *Haugen v. Shenandoah Valley Dep't of Soc. Servs.*, 274 Va. 27, 34 (2007)).

Rothe's other assignments of error allege that the circuit court erred in finding sufficient evidence of an implied contract and damages. "A circuit court judgment 'shall not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it.'" *Davis v. Davis*, 298 Va. 157, 167 (2019) (quoting Code § 8.01-680). We defer "to the trial court's factual findings and view the facts in the light most favorable to the prevailing party, but we review the trial court's application of the law to those facts de novo." *Id.* (quoting *Tuttle v. Webb*, 284 Va. 319, 324 (2012)).

The record before us on appeal contains no transcript or written statement of facts in lieu of a transcript concerning the proceedings on August 4, 2022, that resulted in final judgment against Rothe. "[T]he burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993) (quoting *Justis v. Young*, 202 Va. 631, 632 (1961)). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

Without a transcript or written statement of facts of the trial, we are unable to determine the evidence that was presented, the parties' arguments to the circuit court in support of their claims, or the circuit court's rationale or legal basis for its decisions. A transcript or written statement of facts is thus indispensable to our review of the assignments of error that Rothe raises on appeal. As such, we are unable to consider appellant's assignments of error.[2] *See* Rule 5A:8(b)(4)(ii).

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court.

*Affirmed*.

---

[2] Rothe blames Centra for failing to secure a court reporter or "craft a joint Statement of Facts." However, Rule 5A:8 does not require the parties to agree before the appellant files the statement of facts in the circuit court. Rule 5A:8(c), (d). Ultimately, it is appellant's, not appellee's, responsibility to provide this Court with a sufficient record for appellate review. *Smith*, 16 Va. App. at 635.