COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Ortiz and Senior Judge Haley


CYNTHIA P. OLIVER

                                                            MEMORANDUM OPINION*
v.        Record No. 0225-23-2                                     PER CURIAM
                                                            OCTOBER 24, 2023

KIMBERLY A. PINCHBECK, P.C.


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Frederick G. Rockwell, III, Judge Designate

(Danny Zemel; Anthony F. Troy; The Krudys Law Firm, PLC; The
Stanley Law Group, PLLC, on briefs), for appellant.

(Amanda J. Foster; Kimberly A. Pinchbeck; Kimberly A. Pinchbeck,
P.C., on brief), for appellee. Appellee submitting on brief.


Cynthia P. Oliver appeals the circuit court's judgment awarding $65,472.47 in unpaid legal

fees for Kimberly A. Pinchbeck, P.C. We have reviewed the parties' pleadings, fully examined the

proceedings, and determined the case to be wholly without merit as set forth below. Thus, the panel

unanimously holds that oral argument is unnecessary. Code § 17.1-403(ii)(a); Rule 5A:27(a).

Oliver failed to timely file the transcript or a written statement of facts in lieu of a transcript

necessary to the appeal pursuant to Rule 5A:8. As a result, we cannot reach the merits of her

assignments of error. Consequently, we affirm the judgment.

                                    BACKGROUND

Pinchbeck represented Oliver in legal proceedings involving an estate dispute in

Chesterfield County Circuit Court. Oliver filed a motion to have $82,819.24 of her attorneys' fees

_____

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

due to Pinchbeck paid by the estate. The circuit court ordered that the estate pay only $22,500 of Oliver's fees, but also found Pinchbeck's fees "to be reasonable in their totality."

Pinchbeck filed a subsequent complaint against Oliver for $65,472.47 in unpaid legal fees. Pinchbeck moved for summary judgment relying upon the circuit court's prior order determining her fees to be reasonable. After both parties briefed the issues and presented oral argument at a November 2, 2022 hearing, the circuit court granted summary judgment based upon the prior order and awarded Pinchbeck the full amount sought in her complaint. This appeal followed.

ANALYSIS

"We review the trial court's grant of summary judgment de novo." *VACORP v. Young*, 298 Va. 490, 494 (2020). For a moving party to be entitled to summary judgment, it must be "demonstrate[d] that no 'material' facts are 'genuinely in dispute.'" *AlBritton v. Commonwealth*, 299 Va. 392, 403 (2021). "It follows that immaterial facts genuinely in dispute or material facts not genuinely in dispute do not preclude the entry of summary judgment." *Id.*

Oliver argues on appeal that the circuit court erred in finding no material facts genuinely in dispute based on the prior order and also by placing an improper burden on Oliver in granting summary judgment. To conduct a de novo review of summary judgment, this Court must review both the written pleadings and the positions asserted at oral argument.

"[T]he burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993) (quoting *Justis v. Young*, 202 Va. 631, 632 (1961)). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

The circuit court heard argument on summary judgment on November 2, 2022. Oliver did not provide a transcript or a written statement of facts regarding what specific arguments the parties presented to the circuit court and what legal authority supported their positions. In rendering judgment, the circuit court relied upon not only the pleadings and briefs, but also the arguments and evidence presented at that hearing.

With no transcript or written statement of facts pertaining to the November 2, 2022 hearing, we cannot evaluate the circuit court's judgment or determine whether the circuit court erred in the manner that Oliver asserts. Nor can we determine the arguments that Oliver preserved for appellate review. A transcript or written statement of facts pertaining to the November 2, 2022 hearing is thus "indispensable to the determination of the case." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). Therefore, we cannot address the merits of Oliver's assignments of error. Rule 5A:8(b)(4)(ii).

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court.

*Affirmed.*