# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Huff, O'Brien and AtLee
Argued at Lexington, Virginia


ZACHARY CRUZ

v.     Record No. 1875-22-3

LINDSAY COMBS,
 IN HER INDIVIDUAL CAPACITY

MEMORANDUM OPINION[*] BY
JUDGE RICHARD Y. ATLEE, JR.
NOVEMBER 21, 2023

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
W. Chapman Goodwin, Judge

Peter Thos. Hansen (Amina Matheny-Willard; Peter Thos. Hansen,
P.C.; Amina Matheny-Willard, PLLC, on briefs), for appellant.

(Brian J. Brydges; Johnson, Ayers & Matthews, P.L.C., on brief), for
appellee.  Appellee submitting on brief.


Zachary Cruz appeals the circuit court's order granting Lindsay Combs's motion for

sanctions, ordering Cruz to pay $17,344.[1]  Cruz also appeals the circuit court's order denying his

motion to recuse the presiding judge.  We find that Cruz waived his arguments on sanctions and that

his argument regarding recusal is moot, and we therefore affirm.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] On brief, Combs concedes and "does not oppose" reversal on the assigned errors
addressing sanctions.  We need not reach the issue of whether this Court should accept those
concessions, however, because we find that the transcripts, which were not timely filed, are
indispensable to the resolution of this appeal.

I. BACKGROUND

Combs is a supervisor of the Adult Protective Services unit of Shenandoah Valley Social Services. Cruz[2] filed a complaint against Combs in her individual capacity, alleging that Combs harassed him and his guardians with an improper and frivolous investigation constituting an abuse of process. In the complaint, Cruz alleged that Combs "ma[d]e a court filing" permitting forced entry into his residence in the course of her investigation. Cruz asserted that Combs knowingly lied about there being a "joint investigation" with the FBI in that filing.

Combs responded to the suit with a motion to dismiss and a motion craving oyer, requesting that Cruz provide the court filing referenced in his complaint. On the morning of the scheduled hearing on the motion to dismiss and motion craving oyer, Cruz filed a motion to recuse the presiding judge, asserting that he could not be impartial in Cruz's suit because he authorized a relevant search warrant that was allegedly used to harass Cruz.

After hearing arguments on the motions, the circuit court issued a letter opinion denying Cruz's motion to recuse and granting Combs's motion craving oyer. The circuit court issued an order requiring Cruz to file with the circuit court a "true, accurate and complete copy" of the court filing Cruz referenced in his complaint and to provide Combs with the same.

Combs later filed a motion to dismiss and a motion for sanctions against Cruz for his failure to comply with the order requiring him to file the court filing and give her a copy of it. At the

---

[2] The initial complaint included Micheal Donovan, Richard Moore, and their adopted son Samuel Orlando, as co-plaintiffs. Donovan and Moore are married and run Nexus Services, a bond servicing company. Cruz moved in with the family in 2018, which eventually led to Combs's investigation into whether the couple was financially exploiting Cruz.

In the same letter opinion granting the motion craving oyer and denying the motion to recuse, the circuit court granted Combs's motion to remove all plaintiffs but Cruz, finding that each party had "distinct and independent claims to relief" with respect to their action against Combs, and thus it concluded that they each must file individual suits. *See Va. Hot Springs Co. v. Hoover*, 143 Va. 460, 465 (1925) (explaining that "several complainants having distinct and independent claims to relief against a defendant cannot join in a suit for separate relief in each"). As such, Cruz is the only remaining plaintiff.

hearing, Cruz voluntarily nonsuited his case before the motion to dismiss could be argued. After granting Cruz's motion for nonsuit, the circuit court heard argument on Combs's motion for sanctions against Cruz. On October 3, 2022, the circuit court granted the motion for sanctions and directed Combs to submit evidence of attorney fees and expenses.

Cruz filed a motion to reconsider the order of sanctions, which the circuit court denied. The circuit court entered a final order granting sanctions for Combs against Cruz for $17,344, the cost of Combs's attorney fees and costs. This appeal followed.

## II. ANALYSIS

### A. Sanctions

Cruz first argues that the circuit court erred in ordering him to pay sanctions. Cruz breaks this general argument into four separate assigned errors. Specifically, Cruz claims that the circuit court erred: (1) "in finding [Cruz] violated Virginia Code Section 8.01-271.1 without finding plaintiff signed any paper or pleading"; (2) "in finding [Cruz] could violate Virginia Code Section 8.01-271.1 where there was a good faith belief of merit"; (3) "in Sanctioning [Cruz] for the entire cost of litigation"; and (4) "in issuing sanctions subsequent to granting [Cruz]'s nonsuit." Cruz's brief zigzags between these, and other tangentially related, arguments. We find that the transcripts, which were not timely filed, are indispensable to reviewing Cruz's arguments on appeal, and the record before us fails to show that he raised the arguments he makes on appeal before the circuit court.

### 1. *Standard of review*

"[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." *Justis v. Young*, 202 Va. 631, 632 (1961). "If the appellant fails to do this, the judgment will be affirmed." *Id.*

## 2. *The transcripts are indispensable to this appeal*

Rule 5A:8(a) requires that for a transcript to be part of the record on appeal, it must be "filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." "This deadline may be extended by a judge of this Court only upon a written motion filed within 90 days after the entry of final judgment. Timely motions will be granted only upon a showing of good cause to excuse the delay." *Id.* Alternatively, an appellant may submit a written statement of facts in lieu of a transcript in compliance with Rule 5A:8(c). If the appellant fails to "ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

Here, the circuit court entered the final order on October 3, 2022. As such, transcripts were due on December 2, 2022. Rule 5A:8(a). Cruz did not ask this Court for an extension of time to file the transcripts. Cruz filed the transcript of the March 25, 2022 hearing on December 20, 2022, and the transcript of the August 1, 2022 hearing on December 21, 2022. Both transcripts were not timely; therefore, we do not consider them.

## 3. *The record before this Court fails to show that Cruz preserved his arguments*

The written pleadings in this case do not show that Cruz raised the arguments he now asserts on appeal. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Rule 5A:18 requires a litigant to articulate an objection with specificity 'so that the trial judge . . . know[s] the *particular* point being made in time to do something about it.'" *Hicks v. Commonwealth*, 71 Va. App. 255, 266 (2019) (alterations in original) (quoting *Thomas v. Commonwealth*, 44

Va. App. 741, 750, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)).  While there are exceptions to this rule, none were raised in this appeal.

We have no insight, beyond conjecture, as to why the circuit court sanctioned Cruz. Combs's motion for sanctions focuses on Cruz's failure to comply with the court order, but the circuit court did not include its reasoning in its written orders, citing only what was said from the bench at the hearings.  Specifically, in the order granting the motion for sanctions, the circuit court wrote it "is of the opinion and concludes that the defendant's Motion [for Sanctions] should be granted, *for the reasons stated into the record during the hearing*."  (Emphasis added.) In the order denying Cruz's motion to reconsider sanctions, it wrote that its "prior ruling, granting the defendant's Motion for Sanctions *made from the bench* at the conclusion of the August 1, 2022, hearing, shall be, and it hereby is, confirmed."  (Emphasis added.)  Without timely-filed transcripts, we cannot know what the circuit court's reasoning was for issuing and upholding the sanctions.

Furthermore, we see no overlap in the arguments made in the record before us, primarily Cruz's motion to reconsider sanctions, and his arguments on brief.  Addressing his arguments in order, first, there is no indication that Cruz was sanctioned for a violation of Code § 8.01-271.1. That code section, broadly speaking, concerns the signing of pleadings and there being a good faith basis for filing a pleading (as opposed, for example, it being for an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."  Code § 8.01-271.1(B)).  Combs's motion for sanctions, which the circuit court granted, argued that sanctions were appropriate because of Cruz's failure to comply with the court's order; it did not allege a violation of, or even cite, Code § 8.01-271.1.  Second, Cruz made no argument that, assuming sanctions were appropriate, he ought to be responsible for a portion of, as opposed to "the entire cost," of Combs's expenses in litigating the case.  Finally, he made no argument

- 5 -

about the timing of the sanctions, instead arguing why sanctions were "unjust" and intended to "punish him for speaking out against government corruption in Augusta County," particularly because he purportedly provided the court filing at issue to counsel in person during the hearing (prior to the circuit court entering the order directing Cruz to file it). Given that there is no overlap between Cruz's arguments in the record and on brief to this Court, we find he has waived them on appeal. Rule 5A:18.

Simply stated, the record before us is insufficient for this Court to consider Cruz's arguments on sanctions, as we have no basis to determine what arguments may have been advanced in the circuit court, and, if they were raised, how the court ruled upon them. Nor do his arguments in the record before us match those made on appeal. Accordingly, we affirm the circuit court's ruling on sanctions.

## B. Recusal

Cruz also argues that the circuit court abused its discretion in denying his motion for recusal.

### 1. *Standard of review*

"A judge must recuse himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where . . . the judge is cognizant of a personal bias or prejudice concerning . . . a party[.]" Canons of Judicial Conduct 1(D)(1)(a). "[I]n making the recusal decision, the judge must be guided not only by the true state of his impartiality, but also by the public perception of his fairness, in order that public confidence in the integrity of the judiciary may be maintained." *Prieto v. Commonwealth*, 283 Va. 149, 163 (2012) (quoting *Wilson v. Commonwealth*, 272 Va. 19, 28 (2006)). The party seeking recusal bears the burden of proving the judge's bias or prejudice. *Id.* This Court reviews recusal decisions for an abuse of discretion. *Id.*

## 2. *Cruz's nonsuit rendered this argument moot*

After the circuit court denied his motion to recuse, and when facing a motion to dismiss, Cruz voluntarily nonsuited his case. Code § 8.01-380 permits plaintiffs to voluntarily dismiss their cases without prejudice once "as a matter of right." Code § 8.01-380(B). The circuit court here granted Cruz's motion for nonsuit, as required by statute. *Id.*

"A question is moot when 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Godlove v. Rothstein*, 300 Va. 437, 439 (2022) (quoting *Bd. of Supervisors v. Ratcliff*, 298 Va. 622, 622 (2020)). "The issues presented must be 'live' at all stages of review." *Bristol Dep't of Soc. Servs. v. Welch*, 64 Va. App. 34, 42 (2014) (quoting *Baldwin v. Commonwealth*, 43 Va. App. 415, 421 (2004)). "Courts are not constituted . . . to render advisory opinions, to decide moot questions or to answer inquiries which are merely speculative." *Id.* (alteration in original) (quoting *Baldwin*, 43 Va. App. at 421). This Court does not "give opinions on moot questions or abstract matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation." *Id.* (quoting *Baldwin*, 43 Va. App. at 421). "Where there is no actual controversy, the case will be dismissed as moot." *Id.* at 42-43.

As a result of the nonsuit, there was no longer an "actual controversy" before the circuit court. *Id.* at 42. Although Cruz argues that the trial judge's refusal to recuse himself resulted in his nonsuit, it was ultimately Cruz's choice to dismiss his own case; thus, any claim about the recusal was no longer an actual controversy. Accordingly, Cruz voluntarily rendered his case no longer "live." Thus, any objection to the circuit court's decision on recusal is moot, and we do not consider it on appeal.

### III. CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*