Syllabus.

# Richmond.

## SAM RIDDICK v. COMMONWEALTH.

January 18, 1923.

1.  APPEAL AND ERROR—*Impaneling Jury—Presumption in Favor of Regularity.*—On error to a judgment of guilty in a prosecution for murder it was contended by counsel for the accused that the jury was not selected and impaneled in the manner prescribed by law, in that the striking off of jurors was not done alternately by the Commonwealth and the accused.   The record showed that the Commonwealth and the accused each struck from the panel four jurors.

    *Held:*   That, in the absence of evidence to the contrary, the Supreme Court of Appeals will assume that the striking was done alternately.

2.  APPEAL AND ERROR—*Impaneling of Jurors—Objection not Made to Irregularity Before Jury Sworn.*—Under Code of 1919, section 4895, no irregularity in the impaneling of jurors is cause for setting aside a verdict unless specific objection to such irregularity was made before the jury was sworn.   Objection to the manner of impaneling the jury made for the first time in the appellate court comes too late.

3.  APPEAL AND ERROR—*Record—Objection that Verdict does not Show upon what Indictment Accused was Convicted.*—On appeal from a conviction of murder, it was objected by appellant that the verdict did not show upon what indictment accused was convicted.

    *Held:*   The court must dispose of the case upon the record before it and not upon statements in the petition, or of counsel in open court, not sustained by the record.   In the instant case the record showed that only one indictment was returned against the accused, and that that was the indictment upon which he was tried.

4.  CRIMINAL LAW—*Representation of Accused by Counsel—Case at Bar.*—In the instant case, error to a judgment upon a verdict of guilty of murder, it was contended by counsel for accused that if he had been represented by counsel at the trial, evidence would have been submitted in his favor which would have resulted in a different verdict.

    *Held:*   That the record failed to sustain this contention.   Accused had sufficient time to secure counsel and summon witnesses in his behalf, and it was not contended that accused was denied the right to have counsel.

5.  APPEAL AND ERROR—*Criminal Law—Counsel for Accused.*—Although it appears from the record that accused did not have counsel, unless

accused was denied that right, it would not be ground for reversing the judgment.

6. APPEAL AND ERROR—*New Trial—Verdict Contrary to the Law and the Evidence—Evidence not Certified in the Record.*—An assignment of error that the verdict is contrary to the law and the evidence cannot be passed upon by the appellate court, where the evidence is not certified in the record.

Error to a judgment of the Circuit Court of Warwick county.

*Affirmed.*

The opinion states the case.

*R. H. Pree* and *W. L. Davis*, for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

WEST, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of Warwick county, sentencing the accused, Sam Riddick, to be electrocuted for the murder of one Mary Simmons.

On October 9, 1921, Sam Riddick was arrested for killing Mary Simmons and committed to jail to await his trial. The greater portion of the time he was confined in the Henrico county jail in the city of Richmond. On May 8, 1922, he was tried and convicted and sentenced to be electrocuted on June 16, 1922. It does not appear *from the record* whether he had counsel at the trial, but four days after his trial, the accused, by counsel, asked the court for a stay of execution and for time to apply for a writ of error.

The record before us does not show any exceptions to

the rulings of the trial court and does not include the evidence which was given at the trial, either for the Commonwealth or the accused.

The petition for the writ of error does not assign any errors except to say that the verdict does not show upon what indictment the petitioner was convicted; that if accused had been represented by counsel at the trial evidence could have been submitted by him, through counsel, which would have resulted in a different verdict, and that the verdict of the jury was contrary to the law and the evidence.

[1, 2] It is also contended by counsel for the accused that the jury was not selected and impaneled in the manner prescribed by law, in that the striking off of jurors was not done alternately by the Commonwealth and the accused. The record shows that the Commonwealth and the accused each struck from the panel four jurors and, in the absence of evidence to the contrary, the court will assume that the striking was done alternately. Besides, it is provided by section 4895 of the Code of 1919 that no irregularity in the impaneling of jurors shall be cause for setting aside a verdict unless objection thereto, specifically pointed out, was made before the jury was sworn.

The objection to the manner of impaneling the jury being made for the first time in this court comes too late.

[3, 4] This court must dispose of the case upon the record before it and not upon statements in the petition, or of counsel in open court, not sustained by the record. The record shows that only one indictment was returned against the accused and that that was the indictment upon which he was tried.

It is further contended by counsel for the accused that if he had been represented by counsel at the trial,

evidence would have been submitted in his favor which would have resulted in a different verdict.  The record fails to sustain this contention.

The accused was confined in the Henrico jail, in the city of Richmond, for many months, in which he and his friends might have secured counsel and ordered subpoenas for witnesses in his behalf.

[5] In *Barnes* v. *Commonwealth*, 92 Va. 794, 23 S. E. 784, Judge Buchanan, speaking for the court, said: "The record does not show whether she (meaning the defendant) had counsel or not, but if it shows that she did not have counsel, unless it appears that she was denied that right, it would not be ground for reversing the judgment."

It is not contended that the accused was *denied* the right to have counsel.

[6] In reply to the contention of counsel for the accused that the verdict is contrary to the law and evidence, we deem it only necessary to repeat that the evidence not being certified in the record, this objection cannot be passed upon by this court.

We find no error in the judgment complained of and the same will be affirmed.

*Affirmed.*