COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Felton and McClanahan
Argued at Salem, Virginia


HAR-LEE COAL COMPANY AND
  AMERICAN INTERNATIONAL SOUTH
  INSURANCE COMPANY                          MEMORANDUM OPINION* BY
                                             JUDGE ELIZABETH A. McCLANAHAN
v.      Record No. 0959-04-3                 NOVEMBER 9, 2004

PAUL EVANS MULLINS


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           S. Vernon Priddy III (Sarah Y. M. Kirby; Sands Anderson Marks &
           Miller, on briefs), for appellants.

           Kerry S. Hay (Paul L. Phipps; Lee & Phipps, P.C., on brief), for
           appellee.


        Har-Lee Coal Company appeals a decision by the Workers' Compensation Commission

finding that Paul Mullins (claimant) suffered from compensable first-stage pneumoconiosis.

Har-Lee complains that the commission erred by:  (1) holding claimant met his burden of

proving he suffers from first-stage pneumoconiosis; (2) concluding that the physicians who

found that claimant had abnormalities consistent with pneumoconiosis were qualified to read

claimant's x-ray; (3) giving greater weight to the x-ray interpretations of the doctors who found

that claimant had abnormalities consistent with pneumoconiosis; (4) failing to hold that the

evidence was in equipoise and that claimant was bound by the pulmonary committee's decision;

(5) denying Har-Lee's motion to vacate the review opinion and remand for further proceedings;

(6) violating Har-Lee's right to due process by retroactively applying reasoning from a case

---

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

issued after the decision of the deputy commissioner; and (7) working an imposition upon Har-Lee.  For the reasons below, we affirm the commission's decision.

## I.  Background

On appeal from a decision from the commission, "we view the evidence in the light most favorable to the party prevailing below" and grant that party the benefit of all reasonable inferences.  Tomes v. James City (County of) Fire, 39 Va. App. 424, 429-30, 573 S.E.2d 312, 315 (2002) (citing R.G. Moore Building Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990)); Grayson Sch. Bd. v. Cornett, 39 Va. App. 279, 281, 572 S.E.2d 505, 506 (2002); Creedle Sales Co. v. Edmonds, 24 Va. App. 24, 26, 480 S.E.2d 123, 124 (1997).  On February 6, 2003, Paul E. Mullins filed a claim for benefits with the Virginia Workers' Compensation Commission.  Along with his claim for benefits, Mullins filed three "B" pneumoconiosis readings of his chest x-ray, which were performed by Drs. Radebaugh, Foreman, and Ramakrishman.

Drs. Radebaugh and Foreman determined that the x-ray had a category 1 quality and that it revealed abnormalities consistent with pneumoconiosis.[1]  Dr. Ramakrishman determined that the x-ray had a category 2 quality and that it revealed abnormalities consistent with pneumoconiosis.  Mullins received a letter from Dr. Edward Petsonk, a team leader with the National Institute for Occupational Safety and Health (NIOSH) Division of Respiratory Disease Studies, explaining that the physicians who read Mullins' x-ray had taken classes and/or exams on how to recognize and classify pneumoconiosis on chest x-rays.

---

[1] According to the NIOSH roentgenographic interpretation form, the quality of an x-ray film is classified according to its readability:  a category 1 x-ray signifies the film is original; a category 2 x-ray indicates the film is a copy; a category 3 x-ray denotes the film is an under/overexposed copy or has other imperfections.  The film may also be categorized as "U/R," or unreadable.

Following Mullins' disability claim, Har-Lee Coal Company hired three "B" readers to review a copy of Mullins' x-ray. Drs. Wheeler, Scott, and Scatarige identified the x-ray as having a category 3 quality and concluded that it revealed no abnormalities consistent with pneumoconiosis.

While the claim was before the deputy commissioner, a copy of Mullins' x-ray was sent to the pulmonary committee. The pulmonary committee declined to interpret the film, noting that it was a copy and, therefore, unreadable. The deputy commissioner denied Mullins' claims on the basis that he failed to prove by a preponderance of the evidence that he had a compensable level of pneumoconiosis. Mullins requested a review of the deputy commissioner's opinion. The commission reversed the deputy commissioner's decision and awarded benefits.

## II. Analysis

Har-Lee argues that Mullins produced no credible evidence to show that the three doctors who read his x-ray and found abnormalities consistent with pneumoconiosis were qualified to render such opinions. "Factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal." So. Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993). Mullins' evidence that the three doctors interpreting his x-ray were qualified included a letter written by Dr. Edward Petsonk, a team leader with the NIOSH Division of Respiratory Disease Studies. The letter from Dr. Petsonk was sent to Mullins, and noted that "[e]ach chest x-ray is evaluated by doctors who have taken a special course on how to recognize and classify pneumoconiosis on chest x-rays (A reader) and/or who have passed a test showing that he or she can accurately classify chest x-rays with pneumoconiosis (B reader)." In addition, each of the doctors' roentgenographic interpretation (x-ray reading) reports specified that a "B" reading was made, which was indicated by an "x" marked over the "B" box under "type of reading." The commission can draw a

- 3 -

reasonable inference from such evidence that a "B" reader made the reading. Based on this evidence, the commission concluded, "these doctors were qualified to render opinions as physicians evaluating the claimant's x-ray for the National Institute for Occupational Safety and Health." The commission's findings, if supported by credible evidence or reasonable inferences drawn from the evidence, will not be disturbed upon review, even though the record may contain evidence to support a contrary finding. Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

Har-Lee next argues that the commission erred in giving greater weight to the two doctors who observed a quality 1 x-ray over the three physicians hired by appellant who observed quality 3 x-rays.

> We do not retry the facts before the commission, nor do we review the weight, preponderance of the evidence, or the credibility of witnesses. If there is evidence or a reasonable inference that can be drawn from the evidence to support the [c]ommission's finding, they will not be disturbed by this court on appeal.

Jules Hairstylists, Inc. v. Galanes, 1 Va. App. 64, 69, 334 S.E.2d 592, 595 (1985) (citation omitted); see also Kim v. Sportswear, 10 Va. App. 460, 465, 393 S.E.2d 418, 421 (1990).

The commission considered the x-ray interpretations of six physicians. It gave greater weight to the two doctors who interpreted an original, category 1, x-ray, stating, "[w]e conclude that these doctors were qualified to render opinions as physicians evaluating the claimant's x-ray . . . [m]oreover, we are more persuaded by their opinions than by the opinions of the other doctors who offered opinions in this case – who reviewed a *copy* of the claimant's x-ray." See Riley v. Consolidation Coal Co., VWC File No. 196-94-41 (November 16, 2000) ("[T]he Commission does not consider copies of x-rays as worthy of interpretation for evidentiary purposes in pneumoconiosis cases, and we generally give little weight to the interpretations of such technically inferior radiographs."). Medical evidence is subject to the commission's

- 4 -

consideration and weighing.  Hungerford Mech. Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).  Therefore, the commission has the authority to give greater weight to interpretations based on higher quality x-rays.  The commission's findings, if supported by credible evidence or reasonable inferences drawn from the evidence, will not be disturbed upon review, even though the record may contain evidence to support a contrary finding.  Morris, 3 Va. App. at 279, 348 S.E.2d at 877.

Har-Lee next argues that the commission erred by failing to find that claimant was bound by the pulmonary committee's decision.  Har-Lee argues that the claimant stipulated that he would be bound by the decision of the pulmonary committee and that, because the pulmonary committee found claimant's x-ray unreadable and refused to interpret the x-ray, claimant was ultimately left without any evidence to prove his burden showing that he had pneumoconiosis. Har-Lee's only evidence of the purported agreement consists of a written statement it submitted to the commission.  In that statement, and on appeal, Har-Lee contends that, because claimant did not object to or correct an assertion Har-Lee made in a letter to the commission stating that claimant so agreed to be bound, claimant admits that he was bound.  However, "[a]n appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court.  We may act only upon facts contained in the record."  Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (citing Riddick v. Commonwealth, 135 Va. 724, 726, 115 S.E. 523, 524 (1923)).  There is no evidence in the record that shows that claimant agreed to be bound to the pulmonary committee's interpretation.

Har-Lee also argues that the commission violated its due process rights by retroactively applying reasoning from Clark v. El Paso Coal, VWC File No. 212-63-00 (December 31, 2003), to this case.  This argument is without merit.  Even if the practice of denying a claimant's claim

- 5 -

in the face of competing x-ray interpretations and a refusal by the pulmonary committee to read the x-ray is a long-standing practice, the concept that the commission may give greater weight to interpretations based on original x-rays than to interpretations based on copies of x-rays did not originate with the Clark decision. Clark cites the Riley decision, VWC File No. 196-94-41 (November 16, 2000), for that very proposition. See also Stoots v. Great Barrier Insulation Co., 71 O.W.C. 178 (1992) (holding that a fact finder may consider the quality of the material reviewed when weighing the credibility of the evidence). The commission in Riley noted that it "does not consider copies of x-rays as worthy of interpretation for evidentiary purposes in pneumoconiosis cases, and we generally give little weight to the interpretations of such technically inferior radiographs." Riley was decided in November 2000. Thus, the reasoning in Clark is not novel. Har-Lee was on notice that the commission could assign less weight to interpretations based on copies of x-rays than interpretations based on original x-rays.

Finally, Har-Lee argues that by applying the novel reasoning in Clark to this case, the commission has retroactively altered a long-standing practice, which appellant relied upon to its detriment, and that the doctrine of imposition should apply to the case at bar. As we stated above, the reasoning used in Clark was not novel, and certainly not a basis for applying the doctrine of imposition.

### III. Conclusion

The commission's finding that claimant met his burden of proof is supported by credible evidence and reasonable inferences drawn from the evidence and, therefore, will not be disturbed upon review. Har-Lee's due process rights were not violated, and, thus, the commission did not err in denying the motion to vacate the review opinion and remand the case for further

proceedings.  The doctrine of imposition does not apply.  Accordingly, we affirm the decision of the commission.

Affirmed.