COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Kelsey and McClanahan
Argued by teleconference


LATOYA R. GREEN

                                      MEMORANDUM OPINION[*]

v.        Record No. 2774-04-4           BY JUDGE D. ARTHUR KELSEY
                                          JULY 19, 2005
FAIRFAX COUNTY DEPARTMENT
 OF FAMILY SERVICES


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael P. McWeeny, Judge

Mark Bodner for appellant.

Dennis R. Bates, Senior Assistant County Attorney (David P. Bobzien, County Attorney; Peter D. Andreoli, Jr., Deputy County Attorney; Sarah W. Townes, Assistant County Attorney, on brief), for appellee.

Edward V. O'Connor, Jr., Guardian *ad litem* for minor child.


Latoya R. Green appeals the decision of the trial court denying her motion to vacate an order terminating her residual parental rights. No written motion to vacate, however, appears in the trial court record. Nor does any transcript or statement of facts record an oral motion being made. The trial court record, therefore, discloses nothing about the grounds for the motion to vacate, the testimony (if any) offered in support of it, or the trial court's reasoning for denying it.

Suffice it to say, we can hardly begin the task of appellate review with so little knowledge of what it is we are reviewing. "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

5A:8(b). "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court." Jackson v. Commonwealth, 44 Va. App. 218, 224, 604 S.E.2d 122, 125 (2004) (quoting Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993)). "We may act only upon facts contained in the record." Id. To be sure, the "importance of the record is obvious, for it is axiomatic that an appellate court's review of the case is limited to the record on appeal." Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986).[1]

There being no record of the motion to vacate or the basis for the trial court's denial of it, we affirm based upon the presumption of correctness that attends every lower court decision reviewed on appeal.

Affirmed.

---

[1] Green asks us to exempt her case from these default principles. We decline to do so. Few principles of appellate review are better known or more consistently applied by Virginia courts. See, e.g., Commonwealth v. Williams, 262 Va. 661, 669, 553 S.E.2d 760, 764 (2001); Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961); Riddick v. Commonwealth, 135 Va. 724, 726, 115 S.E. 523, 524 (1923); Mattaponi Indian Tribe v. Marine Res. Comm'n, 45 Va. App. 208, 214 n.4, 609 S.E.2d 619, 622 n.4 (2005); Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).