COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Clements and McClanahan
Argued at Richmond, Virginia


TAMARA SILVIUS

                                              MEMORANDUM OPINION* BY
v.        Record No. 1466-04-2            JUDGE RUDOLPH BUMGARDNER, III
                                                  JULY 26, 2005
STEVE SILVIUS


                 FROM THE CIRCUIT COURT OF CAROLINE COUNTY
                        Horace A. Revercomb, III, Judge

            (Tucker L. Henley; Blackburn, Conte, Schilling & Click, P.C., on
            brief), for appellant.  Appellant submitting on brief.

            Mark A. Murphy (J. Bruce Strickland; Murphy & Strickland, on
            brief), for appellee.

            No brief or argument by Katherine B. Hancock, Guardian *ad litem*
            for the infant children.


        Tamara Silvius asserts the trial court lacked jurisdiction to restrict her use of alcohol and

tobacco during visitation with her two children.  She also maintains the evidence was insufficient

to justify the restrictions on visitation.

        In March 2000, the circuit court decreed joint custody with physical custody to the father.

In May 2002, the mother moved for a change of custody and visitation.  She appealed the

juvenile and domestic relations district court decision.  The circuit court fixed specific times and

dates for visitation and continued earlier restrictions on the mother's use of alcohol and tobacco

during visitation.  Specifically, it prohibited her from consuming alcohol twenty-four hours

before visitation or permitting anyone to use alcohol in the presence of the children.  It also

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

prohibited her from smoking in the presence of the children or smoking in her residence during visitation.

The trial court clearly had jurisdiction to hear this case. "Jurisdiction is 'the power to adjudicate a case upon the merits and dispose of it as justice may require.'" In Re: Commonwealth's Attorney, 265 Va. 313, 317, 576 S.E.2d 458, 461 (2003) (citations omitted).[1] The mother effectively concedes the trial court had jurisdiction by basing her argument on Eichelberger v. Eichelberger, 2 Va. App. 409, 345 S.E.2d 10 (1986). Eichelberger accepted the circuit court's statutory power to adjudicate visitation rights of a non-custodial parent. It held the exercise of that authority was a matter of judicial discretion and the welfare of the children was the paramount consideration. Id. at 412, 345 S.E.2d at 12. There is no merit in the assertion that the trial court lacked jurisdiction in this case.

The record clearly supports the trial court's exercise of its discretion by restricting the mother's use of alcohol and tobacco during visitation. We view the evidence in the light most favorable to the prevailing party. Petry v. Petry, 41 Va. App. 782, 785-86, 589 S.E.2d 458, 460 (2003).

The mother drank alcohol around the children and permitted others to drink with the children present. She continuously violated an earlier court order forbidding her to smoke in front of the children. On one occasion the mother taped a plastic sheet between the front and back seats of her car so she could smoke while driving with the children. The father testified that her smoking endangered the health and welfare of the children. The guardian *ad litem* found the mother's house filthy and cluttered with beer cans and bottles. Broken glass, jagged metal

---

[1] In this case, the mother invoked the jurisdiction of the trial court by initiating these proceedings to change previously decreed custody and visitation. In addition, the record does not reflect the mother ever presented the issues and arguments to the trial court. Rule 5A:18.

scraps, and debris made entry dangerous.  She reviewed the mother's alcohol and smoking habits and concluded the previously ordered restrictions on alcohol and tobacco use were appropriate.[2]

The trial court found the mother's history and background of smoking and abusing alcohol constituted a harm to the health and well-being of her children.  The evidence permitted that finding.  Restricting that threat during visitation was a reasonable exercise of the authority to adjudicate the visitation rights of the mother.  Accordingly, we affirm.

<u>Affirmed.</u>

---

[2] The trial court also interviewed the children *in camera*.

McClanahan, J., concurring.

I concur with the decision to affirm the trial court, but on different grounds. Mother has not provided a record from which I can consider the merits of her arguments. Rule 5A:8(b) states, "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." See also Lawrence v. Nelson, 200 Va. 597, 598-99, 106 S.E.2d 618, 620 (1959) ("An appellant who seeks the reversal of a decree on the ground that it is contrary to the law and the evidence has the primary responsibility of presenting to this court, as a part of the printed record, the evidence introduced in the lower court, or so much thereof as is necessary and sufficient for us to give full consideration to the assignment of error."); Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992).

Mother has not met her burden to provide us with a record from which we can substantiate her claim of error. "In the absence thereof, we will not consider the point." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) (citation omitted). Mother made no argument at this Court's hearing. Mother did not file a transcript of the trial court proceedings, nor did she file a statement of facts. The Court has been provided only father's objection to the statement of facts, which the trial judge signed as the statement of facts. At this Court's hearing, even father's counsel acknowledged that father's objection to the statement of facts was an inadequate substitute for a statement of facts.[3] Mother did not have the trial court's *in camera* interview with the children recorded. In fact, she agreed to no recording

---

[3] "We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1991) (citing Riddick v. Commonwealth, 135 Va. 724, 726, 115 S.E. 523, 524 (1923)). "The importance of the record is obvious, for it is axiomatic that an appellate court's review of the case is limited to the record on appeal." Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986).

of the interview.[4] Without a transcript of the trial court's *in camera* interview, we must also presume that the interview supported the trial court's findings and conclusions. See Addison v. Addison, 210 Va. 104, 111, 168 S.E.2d 281, 286 (1969) (citing Portewig v. Ryder, 208 Va. 791, 794, 160 S.E.2d 789, 792 (1968)); see also Goodhand v. Kildoo, 37 Va. App. 591, 599, 560 S.E.2d 463, 466 (2002).[5]

This Court has "'many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of.'" Crawley v. Ford, 43 Va. App. 308, 315, 597 S.E.2d 264, 268 (2004) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)). "'If the appellant fails to do this, the judgment will be affirmed.'" Id. I would, therefore, affirm the trial court based on the presumption that the trial court's judgment is correct without a sufficient record to consider the alleged errors.

---

[4] Code § 20-124.2:1 provides, "In any proceeding in a court of record to determine custody or visitation, when the court conducts an *in camera* interview of a minor child whose custody or visitation is at issue without the presence of the parties or their counsel, a record of the interview shall be prepared, unless the parties otherwise agree."

[5] See e.g., Waddell v. Waddell, 2004 Ala. Civ. App. LEXIS 726, *8 (Ala. Civ. App. 2004); Reuter v. Neese, 586 So. 2d 232, 235 (Ala. Civ. App. 1991); Dreyer v. Smith, 592 S.E.2d 594, 596-97 (N.C. App. 2004); Turner v. Turner, 739 S.W.2d 779, 780 (Tenn. App. 1986).