UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Malveaux and Callins
Argued at Alexandria, Virginia


JANELLA JORDAN

v.        Record No. 0156-22-4

JASON MILLER AND
 MARK H. BODNER, ESQUIRE

MEMORANDUM OPINION[*] BY
JUDGE MARY GRACE O'BRIEN
SEPTEMBER 20, 2022

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David A. Oblon, Judge[1]

James A. DeVita for appellant.

No brief or argument for appellee Jason Miller.

Mark H. Bodner, Guardian *ad litem* for Jason Miller.


Janella Jordan (wife) appeals the court's denial of her motion for sanctions against Mark H.

Bodner, an attorney appointed as guardian *ad litem* (GAL) for her incarcerated husband.  Wife

argues that the GAL unnecessarily litigated "a wholly uncontested divorce solely to delay the

resolution of the case and to improperly increase his claim for attorney's fees."  Wife also contends

that the court erred "by basing [its] decision to deny [wife's] motion for sanctions on a personal

relationship" with the GAL.[2]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Although Judge Oblon entered the final divorce decree, Judge Thomas Mann presided over wife's motion for sanctions underlying this appeal.

[2] In a companion case decided this day, *DeVita v. Miller*, No. 0489-21-4 (Va. Ct. App. Sept. 20, 2022), we affirmed in part and reversed in part an order granting the GAL's motion for sanctions against wife's counsel.

In October 2019, wife filed for divorce from Jason Miller (husband), an incarcerated felon. The complaint alleged that the parties were married for ten months, had no children, and had been separated since January 1, 2013. Wife requested a divorce based on a one-year separation under Code § 20-91(A)(9)(a), an award of "her own separate property," and an "equitable share of the parties' marital property."

Because husband was incarcerated, the court appointed Bodner as his GAL. *See* Code § 8.01-9(A) (requiring the appointment of a GAL to "represent the . . . interest" of a defendant who is "under a disability"); Code § 8.01-2(6)(a) (defining "[p]erson under a disability" to include an incarcerated felon).

The GAL's answer did not dispute the ground for divorce but contested equitable distribution because wife did not claim that the parties "ha[d] marital or other property or debts that require determination and distribution."

Wife sent the GAL a proposed property settlement agreement (PSA), which included language that both parties waived support and property distribution. Under the proposed PSA, the parties would retain any assets and liabilities already titled in their respective names, and wife would maintain the payments for a car acquired after the separation.

The GAL questioned the need for a PSA when wife's statutory ground for divorce did not require it. He served eight interrogatories on wife, mainly asking her to identify any marital or separate property. Wife responded that she had no significant assets other than her vehicle.

---

[3] There are no transcripts. The court entered an order pursuant to Rule 5A:8 certifying certain paragraphs in wife's proposed statement of facts, augmented by certain paragraphs in the GAL's objections. The order also states that "[t]he appellate [court] can decide whether or not it will consider sections [twelve] and [thirteen] of [wife's] statement of facts," which relate to the merits of wife's appeal. Wife's subsequent attempt to file an updated statement of facts, and the court's order striking the entire statement, were untimely. Therefore, we do not consider them.

Wife then propounded twelve interrogatories and over forty requests for production of documents. The GAL responded that wife's discovery requests "seem a bit over the top" and reiterated his inquiry about the need for a PSA or a trial date. He explained that the only reason he served the eight interrogatories was because, as the GAL, he needed to "assur[e] that [husband] does not miss out on recovery of any marital property." The GAL also filed objections, with grounds, to all of wife's discovery requests.

Wife's counsel, James A. DeVita, pursued a motion to compel. By agreement, DeVita and the GAL appeared before a calendar control judge and obtained a hearing date of July 31, 2020.[4] However, DeVita failed to file the actual motion, so the court removed the matter from the docket.

On three subsequent occasions, DeVita emailed the GAL requesting his appearance before the calendar control judge to schedule the motion to compel. The GAL sent emails agreeing to the requested dates and asking DeVita to file written notices. The GAL in fact appeared on the three requested dates, but DeVita did not.

On August 31, the court advised the GAL that wife had set her motion to compel for September 4. The praecipe contained DeVita's certification that he had served the GAL on August 19. The GAL, however, did not actually receive the praecipe until the court forwarded a copy. The praecipe also contained DeVita's certification of compliance with Rule 4:15(b), which requires reasonable efforts to confer and resolve a motion before filing and "to determine a mutually agreeable hearing date and time." However, DeVita had taken neither action required by Rule 4:15(b). DeVita explained that he forgot to contact the GAL before setting the hearing, and he agreed to reschedule it.

---

[4] The court conducted calendar-control business by videoconference during that phase of the COVID-19 pandemic.

At the end of the rescheduled hearing, the court denied wife's motion to compel discovery on spousal support but ordered husband to respond to requests concerning equitable distribution, conditioned on the parties participating in conciliation. The conciliation did not occur.

The GAL moved for sanctions against DeVita and argued that DeVita had deliberately harassed him, increased the costs of litigation, and acted with "wilful [sic] indifference." The court[5] heard arguments on January 29, 2021, and it reviewed copies of emails and other documents supporting the parties' positions. The GAL submitted evidence to show that he spent three hours dealing with DeVita's "abuse of the calendar control process."

The court entered an "Order for Sanction" based on Code § 8.01-271.1, finding that DeVita engaged in sanctionable conduct by emailing the GAL to arrange calendar control appearances, yet failing to appear on three occasions, and by filing a praecipe "falsely certifying" compliance with Rule 4:15(b). The court determined that DeVita acted with "reckless indifference" and "cause[d] needless expense," and it ordered him to pay the GAL $900.

Wife requested sanctions against the GAL and asked the court to remove the GAL from the case, deny his fees, and require him to pay her attorney fees. The GAL responded that because wife filed her divorce complaint as a contested matter seeking equitable distribution, and later insisted on a PSA, his discovery requests limited to issues of marital and separate property were reasonable.

On May 7, 2021, the court denied wife's motion for sanctions against the GAL. The order reflected the court's finding that the GAL had "properly and faithfully performed his duties to represent and protect the interests of his ward [i.e., husband]" and that "no evidence was presented to establish that [the GAL] has filed pleadings needlessly in this matter or in any way violated any provision under [Code §] 8.01-271.1 . . . warranting an imposition of sanctions."

---

[5] Judge Grace Burke Carroll heard the motion for sanctions against DeVita, which DeVita appealed separately. *See DeVita v. Miller*, No. 0489-21-4.

Ultimately, the parties were divorced, without a PSA, by an agreed order entered on July 23, 2021. The GAL sought and was awarded $750 in fees.

ANALYSIS

Wife contends that the court erred by denying her motion for sanctions against the GAL. An appellate court reviews a decision to grant or deny sanctions for an abuse of discretion. *Carrithers v. Harrah*, 63 Va. App. 641, 653 (2014); *see Norfolk S. Ry. Co. v. E.A. Breeden, Inc.*, 287 Va. 456, 469 (2014) (stating that a "decision to deny [a] motion for sanctions will only be reversed for an abuse of discretion"). The trial court's interpretation of Code § 8.01-271.1, the sanctions statute, raises a question of law that we review *de novo*. *See Conley v. Bonasera*, 72 Va. App. 337, 346 (2020).

Wife brought her sanctions motion pursuant to Code § 8.01-271.1(B)(iii), which provides that an attorney's signature on a written "pleading, motion, or other paper" certifies that "it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." If a pleading, motion, or other paper violates this code section, "the court, upon motion or upon its own initiative, shall impose . . . an appropriate sanction." Code § 8.01-271.1(D).

Wife argues that the court abused its discretion by denying her request for sanctions. She contends that the GAL's three submissions—interrogatories to wife, objections to wife's discovery, and an opposition to wife's motion to compel—were interposed for the improper purposes of delaying litigation and increasing his fees, in violation of Code § 8.01-271.1(B)(iii).[6] Wife claims

---

[6] We note that Rule 4:1(g)(2) also authorizes sanctions when discovery requests, responses, or objections are "interposed for [an] improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

- 5 -

the GAL knew "at the outset" that this case was "completely uncontested" and therefore had no valid reason to litigate rather than advise his ward to execute a PSA.

The record belies wife's contentions that the GAL's filings were unnecessary and for an improper purpose. Wife claimed the parties had no assets or debts, but she filed the divorce complaint as a contested matter seeking equitable distribution and later insisted that husband sign a PSA. When the GAL served a modest number of discovery requests instead, wife propounded a disproportionate amount of discovery. She then spent months pursuing a motion to compel. After argument, the court denied wife's motion to compel discovery on spousal support. It also ordered the parties to attempt conciliation before the GAL would be required to produce any equitable distribution discovery. Wife made no attempt to engage in conciliation.

The record reflects that the court reasonably concluded that the GAL's documents did not violate Code § 8.01-271.1(B)(iii) because they were not submitted for an improper purpose. The interrogatories were limited to the issue of wife's assets and liabilities and were only propounded because of wife's insistence that husband execute a PSA. Additionally, the GAL's objections to wife's discovery requests, as well as his opposition to her motion to compel, were justified based on the overly broad nature of her requests, which were generic and untailored to the limited issues in dispute. In fact, the divorce order ultimately was entered by agreement without a PSA.

Wife also asserts that the judge erred by basing his decision to deny sanctions on his "personal relationship" with the GAL. There is no transcript of the sanctions hearing; instead, wife filed a proposed statement of facts. Wife bases her arguments on the twelfth and thirteenth paragraphs of her proposed statement:

> [The judge] denied [wife's] motion for sanctions and in the course of doing so stated that he knew that [the GAL] was not playing games because he had "known [the GAL] for [thirty] years."

[Wife] does not know [the judge].  Unlike [the GAL], [wife] has not had a relationship either personal or professional with [the judge] for a [thirty-]year period.

The GAL did not comment on paragraph twelve but objected to paragraph thirteen as "inappropriate."

The court entered an order accepting most of wife's proposed statement of facts, supplemented by certain paragraphs in the GAL's objections.  The order also stated that "[t]he appellate [court] can decide whether or not it will consider sections [twelve] and [thirteen] of [wife's] statement of facts."[7]  This Court cannot make factual findings, however.  *See Riddick v. Commonwealth*, 135 Va. 724, 726 (1923) (stating that an appellate court "must dispose of the case upon the record before it and not upon statements in the petition, or of counsel in open court, not sustained by the record").

Without a transcript or a certified statement of facts relevant to this assignment of error, the record is inadequate for appellate review.  *See* Rule 5A:8(b)(4)(ii) ("When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered."); *see also Shah v. Shah*, 70 Va. App. 588, 597 (2019) (declining to consider an assignment of error where appellant failed to ensure an adequate record for appellate review).  Because wife failed to ensure an adequate record for resolution of this assignment of error, we will not consider it.

Finally, the GAL asks this Court to award him the costs he expended on this appeal.  Generally, an award of appellate fees and costs is appropriate only if a party "generated unnecessary

---

[7] In a subsequent order, the judge purported to strike wife's updated statement of facts in its entirety, including reiterated allegations that he mentioned a personal relationship with the GAL. However, as noted in footnote 3, that order is not in the record properly before this Court on appeal.

delay or expense in pursuit of its interests," *Tyszcenko v. Donatelli*, 53 Va. App. 209, 225 (2008) (quoting *Estate of Hackler v. Hackler*, 44 Va. App. 51, 75 (2004)), or the appeal is "frivolous," *O'Loughlin v. O'Loughlin*, 23 Va. App 690, 695 (1996). Upon review of the record, we do not find that an award of appellate costs is appropriate in this case, and we deny the GAL's request.

The court's denial of sanctions against the GAL is affirmed.

*Affirmed.*