COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Malveaux and Causey

ASKARI DANSO M.S. LUMUMBA, A/K/A
  DALE LEE PUGHSLEY

                                                    MEMORANDUM OPINION*
v.        Record No. 0324-22-3                            PER CURIAM
                                                       OCTOBER 11, 2022

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                              W. Chapman Goodwin, Judge

                 (Askari D. Lumumba, on brief), *pro se*.

                 (Jason S. Miyares, Attorney General; Rosemary V. Bourne, Senior
                 Assistant Attorney General, on brief), for appellee.  Appellee
                 submitting on brief.


        By order dated November 21, 2019, the trial court convicted Askari Danso M.S. Lumumba,

also known as Dale Lee Pughsley,[1] upon his guilty plea, for solicitation of another person to possess

drugs with the intent to distribute.  Nearly two years later, on November 19, 2021, Lumumba,

proceeding *pro se*, filed a motion to vacate the conviction pursuant to Code § 8.01-428.  The trial

court granted the Commonwealth's motion to deny and dismiss the motion to vacate, and Lumumba

appealed that decision.  For the reasons that follow, we conclude that Lumumba has failed to

produce an adequate appellate record to determine whether the trial court erred in denying and

dismissing the motion to vacate.  Thus, upon the current record, the panel unanimously holds that

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In his motion to vacate his conviction, Lumumba represented that he was formerly known as Dale Lee Pughsley, the name reflected in the conviction order, and that he had since legally changed his name to Askari Danso M.S. Lumumba.  For purposes of this opinion, we assume without deciding that his representation was true.

oral argument is unnecessary because we must conclude that "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Accordingly, we affirm the judgment.

## BACKGROUND

In his motion to vacate in the trial court pursuant to Code § 8.01-428, Lumumba argued that his conviction for criminal solicitation was procured through extrinsic fraud because the Commonwealth threatened to prosecute his wife, whom he allegedly solicited, if he did not accept a proposed agreement to enter a guilty plea. According to Lumumba, he advised his wife that the Commonwealth had threatened to charge her with a crime and she then refused to testify on his behalf. He claimed, "[a]s a result of the wife's refusal to testify on [his] behalf, [he] was without a defense and thus coerced into accepting the Commonwealth['s] plea offer." He maintained that the threat to prosecute the wife was prosecutorial misconduct that violated his Sixth Amendment right to produce evidence in his favor. Lumumba also contended that the Commonwealth committed extrinsic fraud upon the trial court because it "misrepresent[ed] to the [trial] court, by nondisclosure, that the movant [Lumumba] was allowed to obtain witnesses on his behalf, and that the movant voluntarily accepted the plea offer."

In response, the Commonwealth moved to deny and dismiss Lumumba's motion to vacate, citing the finality of the sentencing order pursuant to Rule 1:1.[2] The Commonwealth also argued that Lumumba failed to establish extrinsic fraud rendering the conviction void and that he had "had an adequate remedy at law to raise [his] claim at the appropriate time"—but did not do so.

---

[2] Under Rule 1:1(a), a trial court generally retains jurisdiction to modify, vacate, or suspend final orders for only twenty-one days after the date of entry. "Expiration of the twenty-one day time limitation divests the trial court of jurisdiction." *Stokes v. Commonwealth*, 61 Va. App. 388, 392 (2013) (quoting *Ziats v. Commonwealth*, 42 Va. App. 133, 138 (2003)). Clearly, more than twenty-one days passed after Lumumba's 2019 sentencing order when he filed his motion to vacate in 2021.

In its order denying and dismissing the motion to vacate, the trial court stated that it had reviewed and "made a part of the record in this motion to vacate for extrinsic fraud" the record in the criminal case that resulted in Lumumba's conviction for criminal solicitation. The trial court concluded that Lumumba's claim in the motion to vacate failed to "meet the legal definition of extrinsic fraud, [that] he had an adequate remedy at law to raise this claim at the appropriate time, but did not, and [that] he provide[d] inadequate factual support for his claim." The trial court further found that Lumumba "failed to demonstrate 'extrinsic fraud' even if his allegation [wa]s true."

ANALYSIS

On appeal of the trial court's ruling, in a pleading styled "Petition for Appeal," Lumumba raised the following assignments of error: 1) the "Circuit Court erred when it determined Lumumba didn't sufficiently state a claim of extrinsic fraud"; 2) the "Circuit Court erred when it determined Lumumba had an alternative remedy to raise his claims"; 3) the "Circuit Court erred when it determined Lumumba didn't provide enough evidence to support the facts alleged in his declaration"; and 4) the "Circuit Court erred when granting respondent's Motion to Dismiss before Lumumba could reply pursuant to . . . Rule 3:12."

As the trial court stated in its order denying and dismissing the motion to vacate, it relied upon the record of the proceeding in which Lumumba pled guilty to criminal solicitation. However, the record on appeal does not contain the complete record of the proceeding resulting in his conviction; the appellate record contains only an indictment, a capias, and the trial and sentencing order before us. Thus, this Court has no transcripts, written statements of fact in lieu of a transcript, or other evidence to reflect what transpired in the earlier proceeding—or much less to substantiate his claim of extrinsic fraud.

We agree with the Commonwealth's assertion that "the transcripts of Lumumba's guilty plea are relevant in this civil motion to vacate to show what occurred at his guilty plea hearing, and the circuit court considered the record in reaching its decision." As the Commonwealth observes, "representations that Lumumba made during his guilty plea are relevant to this case, but those transcripts are not part of this appellate record." *See* Rule 5A:8.

The Supreme Court has made clear that the appellant bears the burden of providing the appellate court with a record that enables it to determine whether the trial court abused its discretion. *Justis v. Young*, 202 Va. 631, 632 (1961). "We have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." *Id.* "If the appellant fails to do this, the judgment will be affirmed." *Id.* "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993) (citing *Riddick v. Commonwealth*, 135 Va. 724, 726 (1923)).

Without records relied upon by the trial court, Lumumba asks this Court to find that the lower court erred in denying and dismissing his claim that his conviction was procured by extrinsic fraud. This we cannot do in the absence of the full record considered by the trial court. *See Francis v. Francis*, 30 Va. App. 584, 591 (1999) ("Even *pro se* litigants must comply with the rules of court."). For this reason, we are simply unable to consider whether the trial court's

denial and dismissal of the motion to vacate was erroneous. Consequently, we affirm the judgment of the trial court.[3]

*Affirmed.*

---

[3] In any event, the allegations Lumumba raised in his motion to vacate his conviction, even if true, were known to him at the time that he entered his guilty plea. "[A] valid guilty plea also renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered." *Delp v. Commonwealth*, 72 Va. App. 227, 238 (2020) (quoting *Class v. United States*, 138 S. Ct. 798, 805 (2018)). In addition, "a valid guilty plea relinquishes any claim that would contradict the 'admissions necessarily made upon entry of a voluntary plea of guilty.'" *Id.* (quoting *United States v. Broce*, 488 U.S. 563, 573-74 (1989)). In the order convicting and sentencing Lumumba for solicitation, the trial court stated that it, "having made inquiry and being of the opinion that the accused fully understood the nature and effect of his plea and of the penalties that may be imposed upon his conviction and of the waiver of trial by jury," found that "the plea was voluntarily and intelligently made."