COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Malveaux, Friedman and Senior Judge Petty
Argued at Williamsburg, Virginia


ANITA VINJIRAYER, M.D.

v.     Record No. 2149-23-1

CHRISTINA C. SCORDO

MEMORANDUM OPINION* BY
JUDGE WILLIAM G. PETTY
SEPTEMBER 16, 2025

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Matthew W. Hoffman, Judge

C. Thea Pitzen (A. William Charters; Katerina T. Fuchs; Goodman
Allen Donnelly, PLLC, on briefs), for appellant.

Avery T. Waterman, Jr. (Waterman Law Centers, PLLC, on brief),
for appellee.


Christina C. Scordo filed a complaint against Anita Vinjirayer, M.D. and North America

Partners in Anesthesia, alleging anesthesia medical malpractice during a surgical procedure at

Riverside Hospital in May 2023. Scordo issued a subpoena duces tecum on Riverside under Code

§ 8.01-413, which both Riverside and Vinjirayer moved to quash alleging that the subpoena sought

privileged documents and records. The trial court denied the motions to quash, finding that

Riverside's motion was untimely and Vinjirayer did not have standing. Vinjirayer appeals, arguing

that she had standing and the asserted privileges could not be waived as a matter of law. As

explained below, however, we do not have jurisdiction to consider this appeal because it challenges

unappealable interlocutory orders. Accordingly, the appeal is dismissed without prejudice to any

party's right to appeal a final or otherwise appealable order.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

Scordo's complaint generally alleged that during a "painful invasive surgical procedure" at Riverside, Vinjirayer negligently administered anesthesia, causing Scordo to be "aware" during the surgery. The circuit court assigned the complaint a case number, but the complaint was not immediately served on the defendants.

Scordo's attorney issued a subpoena duces tecum under Code § 8.01-413(C) to Riverside. The subpoena was filed in the circuit court under the same style and case number as her underlying complaint. It sought records of Scordo's care, including healthcare provider employment information, "audit trails" following the surgery, previous complaints or disciplinary actions, communications between hospital staff, meeting minutes, and "any other facility or healthcare provider files, records, papers, electronic data, and other materials whatsoever re [sic] facts and information relating to the care of [Scordo] regardless of date, source and/or content (omitting nothing)." In addition, the subpoena specifically sought documents related to "the 'investigation' referenced in Riverside's 5/16/23 rCare Report and all materials provided and/or generated by any Riverside 'committee.'"

In July 2023, Scordo's attorney sent Riverside a letter requesting the above and additional records. Riverside produced some responsive records but withheld others as privileged under Code §§ 8.01-581.16 and 8.01-581.17. Consequently, on August 10, 2023, Scordo filed a second attorney-issued subpoena duces tecum under Code § 8.01-413(C). The second subpoena was filed under the same style and case number as Scordo's original complaint.

On August 18, 2023, Vinjirayer, by special appearance, moved to quash the second subpoena duces tecum. Vinjirayer argued that documents related to "any potential investigation regarding the alleged incident were privileged under Code §§ 8.01-581.16 and 8.01-581.17." Scordo moved the trial court to enforce her second subpoena, arguing that it was properly served;

the materials were not privileged; Riverside had not moved to quash it and its time to do so had expired; and Vinjirayer's motion to quash was "unfounded." The next day, Riverside filed a separate motion to quash Scordo's second subpoena as seeking privileged documents. Riverside's motion also purported to "join[]" Vinjirayer's motion to quash. Each of the above motions was filed under the style and case number of Scordo's original complaint.

At a hearing, Scordo clarified that she was seeking to enforce only her second subpoena against Riverside. As a threshold matter, she argued that Riverside had failed to timely "object and move to quash" her second subpoena within 14 days as required by statute. She also maintained that Riverside had not filed a "privilege log" detailing what documents it had and the asserted privileges. Scordo acknowledged that Vinjirayer had objected to her subpoena within 14 days but argued that the privileges were Riverside's to assert, not Vinjirayer's.

Vinjirayer, proceeding by "special appearance," argued that she timely objected to Scordo's subpoena and that any "peer review communications" were privileged. Privileged documents included records of anything Vinjirayer "said to the committee or the committee said to her." When the circuit court asked Vinjirayer whether she had standing to assert the privileges, she responded that nobody could "waive [a] statutory privilege[]," especially as those privileges pertained to her. She also argued that the statute's "policy" was to encourage honesty, and if the hospital's committee could "give out whatever" information "it feels like," that would "defeat[] the statutory privilege" because people would no longer participate "in peer review processes."

Riverside also appeared at the hearing and proffered certain documents for the trial court to review in camera. After reviewing those documents, the circuit court found that several were subject to Scordo's subpoena, but Riverside had waived its privileges by failing to object timely. In addition, the court found that Riverside had to provide the documents because it had not filed a privilege log. Finally, the court found that Vinjirayer did not have an "independent right to raise the

- 3 -

privilege[s]." Given those findings, the court did not rule on whether the documents were subject to the privileges in Code §§ 8.01-581.16 and -581.17.[1]

Following the trial court's ruling, Vinjirayer moved the trial court to reconsider its judgment, asserting that she had asserted a privilege "as a party to the litigation" under Rule 4:9A. Vinjirayer also argued that a privilege log was not required in response to a non-party subpoena, the requested records were not obtainable by a Code § 8.01-413 subpoena, and the court could not "overrule" the asserted privileges without first determining that "good cause arising from extraordinary circumstances" required production.

On November 30, 2023, the trial court issued an order reflecting its rulings. The order found that Riverside had waived all claims of privilege because it had not objected to Scordo's subpoena within 14 days and had not filed the required privilege log. The court also found that Vinjirayer lacked "standing" to raise the claims of privilege. Thus, the order instructed Riverside to provide the documents to Scordo within ten days, subject to a protective order. By a separate order issued the same date, the court denied Vinjirayer's motion to reconsider. Vinjirayer filed a notice of appeal challenging the November 30, 2023 orders, which were both issued under the same style and case number as Scordo's original complaint.

In her opening brief, Vinjirayer argues that the statutory privileges under Code §§ 8.01-581.16 and -581.17 are not waivable as a matter of law by the failure to timely respond to a subpoena duces tecum. Next, she contends that she had "standing to assert the statutory privilege" because she "was a *party* against whom production of the documents was sought," under Rule 4:9A(c)(3), and she had "timely filed a motion to quash." (Emphasis added). Indeed, she insisted that she had "been named as a [d]efendant *in the same lawsuit* in which [Scordo] issued the August

---

[1] Vinjirayer orally moved for a certified interlocutory appeal on the issue of whether the statutory privilege was waivable. The trial court denied the motion.

10 subpoena." (Emphasis added). Finally, she argues that Riverside was not required to produce a privilege log in response to Scordo's subpoena because neither Code § 8.01-586.17 nor Rule 4:9A required Riverside to do so, and Rule 4:1(b) requires only a party to produce a privilege log.

We dismissed Vinjirayer's appeal without prejudice, finding that it challenged unappealable interlocutory orders over which we did not have jurisdiction. *Vinjirayer v. Scordo*, No. 2149-23-1, slip op. at 1-2 (Va. Ct. App. Feb. 14, 2025) (order). Vinjirayer then petitioned for rehearing, arguing that this appeal arose from a "pre-suit record collection action" that was *not* a part of the "underlying case." She contended that the challenged orders were final and appealable because they "fully and finally adjudicated" all issues of the independent "record collection action."[2]

We granted Vinjirayer's petition for rehearing and reinstated the case on our docket. *Vinjirayer v. Scordo*, No. 2149-23-1, slip op. at 1 (Va. Ct. App. Mar. 7, 2025) (order). On further review, we conclude that Vinjirayer is challenging unappealable interlocutory orders and that we do not have jurisdiction over this appeal. In addition, as explained below, Vinjirayer has impermissibly attempted to approbate and reprobate by arguing in her opening brief that the subpoena duces tecum was part of Scordo's underlying malpractice claim, and then arguing in her petition for rehearing that it was not.

---

[2] Vinjirayer attached a purported transcript from a January 19, 2024 hearing to her petition. That transcript, however, is not part of the record that was transmitted to this Court on appeal, Rule 5A:8(a) and (c), so we do not consider it. "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief . . . . We may act only upon facts contained in the record." *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993) (citing *Riddick v. Commonwealth*, 135 Va. 724, 726 (1923)). Vinjirayer's request that we take judicial notice of that transcript is denied, as Rule 5A:8 defines when a transcript is part of the record, and judicial notice is designed to permit a court to notice "facts" that are "generally known" or "easily ascertainable." *Barnes v. Barnes*, 64 Va. App. 22, 30 (2014) (quoting *Taylor v. Commonwealth*, 28 Va. App. 1, 7 (1998)).

- 5 -

ANALYSIS

"Before this Court may consider the merits of a case, it must determine whether it has jurisdiction." *Johnson v. Commonwealth*, 72 Va. App. 587, 595 (2020) (citing *Minor v. Commonwealth*, 66 Va. App. 728, 738 (2016)). This Court has "subject matter jurisdiction over only those classes of cases specified by statute." *Friedman v. Smith*, 68 Va. App. 529, 538 (2018) (quoting *de Haan v. de Haan*, 54 Va. App. 428, 436 (2009)). Code § 17.1-405(A)(3) grants general appellate jurisdiction over "any final judgment, order, or decree of a circuit court in a civil matter." This Court also has appellate jurisdiction over an "interlocutory decree or order" under Code §§ 8.01-267.8 or 8.01-675.5—as well as over "any interlocutory decree or order involving an equitable claim in which the decree or order (i) requires money to be paid or the possession or title of property to be changed or (ii) adjudicates the principles of a cause." Code § 17.1-405(4), (5).

"Unless otherwise provided by rule or statute, a judgment, order, or decree is final if it disposes of the entire matter before the court, *including all claim(s) and all cause(s) of action against all parties*, gives all the relief contemplated, and leaves nothing to be done by the court except the ministerial execution of the court's judgment, or order, or decree." Rule 1:1(b) (emphasis added); *see also* Rule 1:2(d) (providing that, unless a circuit court explicitly labels an order as a "Partial Final Judgment," "any order which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties in the action is not a final judgment"). Thus, "a judgment is not final for purposes of appeal if it is rendered with regard to some but not all of the parties involved in the case." *Leggett v. Caudill*, 247 Va. 130, 133 (1994) (quoting *Wells v. Whitaker*, 207 Va. 616, 628 (1966)).

Consistent with those principles, "a trial court's discovery orders are not subject to review on direct appeal because they are not final." *American Online, Inc. v. Anonymous Publicly Traded Co.*, 261 Va. 350, 358 (2001). If, however, a lawsuit is filed *in a foreign state*, and a party to that

- 6 -

suit seeks to "utilize the coercive powers of Virginia courts" in discovery proceedings, the trial court's ruling on a motion to quash may result in a final appealable order if it "dispos[ed] of all issues before" the Virginia court, even if the order is not final as to the litigation in the foreign state. *Id.* at 354, 358-59. Nevertheless, discovery orders "in *suits brought in Virginia* are interlocutory and not subject to immediate appeal." *Id.* at 359 (emphasis added). Rather, "[s]uch orders are subject to appellate review at the conclusion of the underlying suit." *Id.*

This appeal challenges discovery orders issued in a suit brought in Virginia that were not final because they did not resolve the underlying tort claim. Rule 1:1(b). The challenged orders merely denied motions to quash Scordo's attorney-issued subpoenas duces tecum under Code § 8.01-413(C). Code § 8.01-413(C) provides that when a "health care provider" does not "comply with a[] written request" for certain medical records under subsection (B), the patient or her attorney "may cause a subpoena duces tecum to be issued." The statute outlines two methods for issuing such a subpoena. First, the patient may file "a request . . . with the clerk of the circuit court wherein *any eventual suit* would be required to be filed." Code § 8.01-413(C) (emphasis added). Alternatively, "the patient's attorney in a *pending civil case*" may issue a subpoena "in accordance with § 8.01-407." *Id.* (emphasis added).

Here, Scordo's attorney issued the subpoena in the "pending civil case," rather than through the circuit court clerk where "any eventual suit would be required to be filed." *Id.* The record clearly demonstrates that the subpoena was issued under the same case style and number of the underlying complaint, and it explicitly stated that it was issued under Code § 8.01-413(C) "by the attorney for and" on behalf of Scordo. In fact, Vinjirayer's motion to quash, and the trial court's orders denying that motion, were filed and entered in the pending lawsuit. Thus, the above circumstances establish that the subpoena was part of Scordo's underlying tort case; it was not filed in a distinct record collection action.

- 7 -

In addition, Vinjirayer's argument that Scordo's subpoena was *not* part of the underling case succumbs to the approbate-reprobate doctrine. "A litigant cannot 'approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory,' or else such arguments are waived." *Amazon Logistics, Inc. v. Va. Emp. Comm'n*, ___ Va. ___, ___ (Mar. 6, 2025) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)). The doctrine "applies both to assertions of fact and law." *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (quoting *Babcock & Wilcox v. Areva*, 292 Va. 165, 204 (2016)). And it protects "basic notions of fair play in our adversarial system." *Amazon Logistics, Inc.*, ___ Va. at ___. Litigants "must 'elect a particular position' and are thereafter confined 'to the position that [they] first adopted.'" *Id.* at ___ (alteration in original) (quoting *Matthews v. Matthews*, 277 Va. 522, 528 (2009)).

Vinjirayer's opening brief argued that the subpoena was part of Scordo's underlying lawsuit. She explicitly contended that the "style of the case reflected on the August 10 subpoena," and the fact that the subpoena was filed under the original circuit court case number, "evidence[d]" Scordo's decision "to serve the subpoena *as part of that lawsuit*" even though the complaint had not been served. (Emphasis added). Although, Vinjirayer acknowledged that under Code § 8.01-413(C), Scordo "*could have* filed a separate proceeding for purposes of record collection, she did not do so in this case." "Instead she served [her] subpoena *as part of the underlying case*." (Emphasis added). Vinjirayer staked out that position in her opening brief partly to support her standing argument, in which she maintained her standing to assert the challenged privileges because she had "been named as a [d]efendant *in the same lawsuit* in which [Scordo] issued the . . . subpoena." (Emphasis added).

Yet, after this Court dismissed her appeal, Vinjirayer changed her position in her petition for rehearing, asserting that the subpoena was *not* part of Scordo's underlying case but rather a separate

- 8 -

"record collection action." Thus, she has approbated and reprobated with this Court at different stages of this appeal. Consequently, given the position she advanced in her opening brief, she cannot now argue after we dismissed her appeal that Scordo's subpoena was not a part of the underlying lawsuit.[3]

CONCLUSION

The challenged discovery orders are unappealable interlocutory orders,[4] and we are without jurisdiction to consider this appeal. Accordingly, the appeal is dismissed without prejudice to any party's right to appeal any final or otherwise appealable order.

*Dismissed.*

---

[3] Vinjirayer also argued that the challenged order was final and appealable because the underlying lawsuit had not been served on her, so the order resolved everything then-pending before the court. Yet Scordo's complaint was in fact pending on the court's docket and could be dismissed on Vinjirayer's motion if it was not served "within one year of commencement of the action." Code § 8.01-277(B). Thus, not everything before the court had been resolved when it entered the challenged order. Regardless, at oral argument, Vinjirayer conceded that the lawsuit has now been served on her, and all the matters were still docketed under the same circuit court case number. Moreover, Scordo conceded that the requested records still have not been given to her under the circuit court's order "pending this appeal." Thus, in further proceedings, Vinjirayer can still move the circuit court to reconsider whether "good cause arising from extraordinary circumstances"—the statutory requirement and sole mechanism for disclosure of the protected records under the statute—exists in this case. Code § 8.01-581.17(B). That the court can still reconsider this matter in further proceedings only emphasizes that this appeal is interlocutory and outside of our jurisdiction.

[4] The circuit court did not certify its order for an appeal under Code § 8.01-675.5, and the order does not implicate our interlocutory jurisdiction under Code §§ 8.01-267.8 or 17.1-405(A)(5).